ALBANY,<br>Jan. 1835.<br><br>Hopkins<br>v.<br>Haywood.

The motion to set aside the nonsuit denied.

---

## HOPKINS *vs.* HAYWOOD.

An action against a *constable* for *not returning* an execution may be brought in a county other than that of which he was an officer.

*It seems* that where the amount of a penalty incurred by an officer is so small that he can be sued for it only in a *justice's court*, and he has removed from the county of which he was an officer, the suit may be brought in the county in which he resides.

ERROR from the Onondaga common pleas.  Haywood sued Hopkins before a justice of the peace of the county of *Onondaga*, for not returning an execution which had been put into his hands as a constable of *Cayuga* county, to be executed.  The suit was commenced against Hopkins by *summons*, which was personally served, and he not appearing at the return day, the plaintiff proceeded *ex parte* and obtained judgment for the amount of the execution.  Hopkins removed the cause into the common pleas of Onondaga by *certiorari,*

where the judgment was affirmed, and he then sued out a *writ of error*, removing the record into this court. He now insists that the judgments below ought to be *reversed*, because the action against him, as he contends, was for a *penalty* or *forfeiture*, and ought to have been brought *in the county of which he was an officer*, and in support of such proposition he relies upon 2 *R. S.* 482, § 8, 9.

*A. Kellogg*, for the plaintiff in error.

*F. G. Jewett*, for the defendant in error.

*By the Court*, SUTHERLAND, J. I doubt whether the provisions of the statute relied upon by the plaintiff in error are applicable to a case like this. They relate to penalties and forfeiture, strictly speaking. The title of the article is, " Of Actions for Penalties and Forfeitures." Now the liability of a constable for not returning an execution is not strictly a penalty. He is made responsible for the amount of the execution with interest, which may be recovered in an action of debt, 2 *R. S.* 253, § 159; but it is no more a forfeiture or penalty, than any other fixed legal liability.

Actions against public officers, for *acts done* by them by virtue of their offices, must be brought in the county where the fact complained of happened. 2 *R. S.* 353, § 14. This provision we have held to be applicable only to *affirmative acts*, and not to *mere omissions* to discharge an official duty. *Elliot v. Cronk's Adm'rs, ante*, 35.

But suppose this to be an action for a penalty, within the meaning of the sections relied upon by the plaintiff in error ; if the officer moves out of the county where the penalty was incurred, before suit brought, and the penalty from its amount can e sued for only in a justice's court, is the plaintiff's remedy to be lost in consequence of this removal ? The provision was undoubtedly designed for the convenience of public officers, to prevent them from being harrassed by suit at a distance from home ; but when they change their residence and move into another county, the reason of the provision certainly ceases to a great extent. Now it appears from the return to the *certiora-*

*ri*, that the suit was commenced by *summons* against the defendant, in *Onondaga* county, and that the summons was *personally* served upon him. These circumstances show conclusively that he had become a resident of Onondaga county; he could not otherwise have been sued by summons. This ground of error was not anticipated by the counsel for the defendant in error, as there is no allusion whatever to it in his brief, which has been submitted to the court. I infer from this that it was not raised in the common pleas, but has been reserved for a surprise in this court. The merits are clearly with the original plaintiff, and the judgment ought to be affirmed.

Judgment affirmed.