## THE PEOPLE v. YORK.

As a general rule in criminal cases, this Court will not review, on appeal, an order refusing a new trial moved for on the ground that the verdict is against the evidence, unless the record contains a statement setting forth all the material portions of the testimony.

But when the record states that it gives "in substance all that was proven on the part of the State," it is sufficient. The facts, as proved, being given, there is no necessity of setting forth the testimony.

APPEAL from the Court of Sessions of the County of Yuba.

*Charles H. Bryan* for Appellant.

*Williams, Attorney-General,* for the People.

FIELD, J., delivered the opinion of the Court—TERRY, C. J., and BURNETT, J., concurring.

The defendant was indicted, tried, and convicted, in the Court of Sessions of Yuba county, of an assault with intent to commit murder. A motion for a new trial, on the ground that the verdict was against law and the evidence, was made and overruled, and the defendant appealed.

The indictment charges the assault to have been committed with a knife upon the person of one Ira Marsh, the prosecuting witness in the case. The record purports to give the substance of all that was proved on the trial on the part of the prosecution; and it appears that the defendant, whilst in a state of intoxication, put one hand around Marsh, and struck a blow with the other *hand*, in which was held a scabbard, with a handle apparently of a knife; but it does not appear that the blow was struck with any violence, or that it produced any injury, or that any attempt was made to use the knife or other weapon which the scabbard might have contained; and the previous relations between the defendant and the witness, up to the *moment* of the commission of the assault, were of a friendly character.

The loose expression of the defendant, that but for the scabbard on the knife, he could or would have killed the witness, evidently referred to the consequences of a blow with the weapon unsheathed, and not to his intent at the time. The facts, as detailed in the record, fail entirely to support the verdict; and as there was no conflict of testimony in the case, a new trial should have been granted.

On a motion for a new trial in a criminal case, on the ground that the verdict is against the evidence, it is usual to set out in the statement on which the motion is made, all the material portions of the testimony, and as a general rule this Court will not review, on appeal, an order refusing a new trial on that ground, unless such testimony is contained in the record. In the present case, the testimony is not set forth, but the record states that it gives " in substance *all that was proven* on the part of the State." This is sufficient; the facts, as proved, being given, there can be no necessity of setting forth the testimony.

Judgment reversed, and cause remanded for a new trial.