[S. F. No. 4451.    Department One.—April 28, 1908.]

BONESTELL, RICHARDSON & CO. (a Corporation), Respondent, v. CHARLES F. CURRY et al., Appellants.

PLACE OF TRIAL—ACTION AGAINST PUBLIC OFFICERS — ACT DONE BY VIRTUE OF OFFICE.—Section 393 of the Code of Civil Procedure, providing that actions against a public officer for an act done by him in virtue of his office, must be tried in the county where the cause, or some part thereof, arose, applies only to affirmative acts of the officer which directly interfere with the personal rights or property of the person complaining, such as wrongful arrest, trespass, conversion, etc., and does not apply to mere omissions or neglect of official duty.

ID.—ENJOINING PERFORMANCE OF ILLEGAL CONTRACT—COUNTY OF RESIDENCE OF DEFENDANTS.—An action by a taxpayer against the secretary of state, the assistant attorney-general and the state printer, and the members of a firm to which a contract for the furnishing of paper for use in the state printer's office had been awarded by such state officials, to enjoin further action in regard to or under said contract, upon the ground that the same was illegal and void, is not an action against public officers for an act done by them, but is an action against them and the other persons to prevent the doing of certain acts in the future. The proper county for the trial of such action, subject to the power of the court to change the place of trial on statutory grounds, is the county in which the defendants, or some of them, reside at the commencement of the action.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing a change of the place of trial. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, and George H. Sturtevant, Deputy Attorney-General, for Appellants.

M. H. Wascerwitz, Hiram W. Johnson, and C. K. Bonestell, for Respondent.

ANGELLOTTI, J.—This is an appeal from an order of the superior court of the city and county of San Francisco denying appellants' motion for a change of place of trial of the above-entitled action from said superior court to the superior court of the county of Sacramento. The action was one instituted in the superior court of the city and county of San Francisco against appellants, who were respectively secretary of state, assistant attorney-general, and state printer of the state of California, and the members of the partnership firm of A. Zellerbach & Sons, to which a contract for the furnishing of certain paper for use in the state printer's office had been awarded by appellants in their official capacity, to enjoin further action in regard to or under said contract, upon the ground that the same was illegal and void. The official acts of appellants in the matter were performed in the county of Sacramento, the place where they had their offices and transacted their official business. The defendants Zellerbach were residents of the city and county of San Francisco. The plaintiff corporation was a taxpayer of the state, and was engaged in the same line of business as A. Zellerbach & Sons, and claimed that it was the lowest bidder for the furnishing of the paper, and was itself entitled to the contract.

Appellants motion for a change of place of trial was based entirely on the provisions of section 393 of the Code of Civil Procedure, which, so far as is material here, provides: "Actions for the following causes must be tried in the county where the cause, or some part thereof, arose, subject to the like power of the court to change the place of trial: . . . 2. Against a public officer, or person especially appointed to execute his duties, for an act done by him in virtue of his office; or against a person who, by his command or in his aid, does anything touching the duties of such officer."

This subdivision is not applicable to the case at bar. This action is not one against a public officer *"for an act done by*

*him in virtue of his office"* within the meaning of those words as the same are used in this law. It was held in *McMillan* v. *Vischer,* 9 Cal. 420, [70 Am. Dec. 655], that a similar provision in our Practice Act was not applicable to a proceeding in *mandamus* to compel a sheriff to execute a deed, the court saying through Field, J.: "The second subdivision of section nineteenth, which provides that actions against a public officer for *acts done* by him in virtue of his office shall be tried in the county where the cause or some part thereof arose, applies only to affirmative acts of the officer, by which, in the execution of process, or otherwise, he interferes with the property or rights of third persons, and not to mere omissions or neglect of official duty. (*Elliott* v. *Cronk's Admr.,* 13 Wend. 35; *Hopkins* v. *Haywood,* 13 Wend. 265.)" The cases cited, construing a practically similar New York statute, fully sustain the text. The provision was subsequently made a part of our Code of Civil Procedure in the light of the construction previously given by the courts, and with the intention, we must assume, that it should continue to be so construed. This construction contemplates only such affirmative acts of an officer as directly interfere with the personal rights or property of the person complaining, such as wrongful arrest, trespass, conversion, etc. The complaint in the case at bar shows no such case. Moreover, the action is not one against public officers for an act done by them, but is an action against them and certain other persons solely to prevent the doing of certain acts by such officers and by the other defendants in the future. It is thoroughly established, both by statute and by the decisions, that in all cases as to which express provision is not made to the contrary, the proper county for trial, subject to the power of the court to change the place of trial on account of convenience of witnesses, disqualification of judge, and inability to have an impartial trial (Code Civ. Proc., sec. 397), is the county in which the defendants, or some of them, reside at the commencement of the action. (Code Civ. Proc., sec. 395.)

The order denying appellants' motion for a change of place of trial is affirmed.

Shaw, J., and Sloss, J., concurred.