DIONISIA LEGARRETA RUIZ, Plaintiff and Appellee, *v.* TREASURER OF PUERTO RICO, Defendant and Appellant.

No. 7830. Argued March 15, 1939.—Decided June 2, 1939.

B. *Fernández García, Attorney General,* and *R. García Cintrón, Assistant Attorney General,* for appellant. *Fernando Zapater Martínez* for appellee.

Mr. Justice De Jesús delivered the opinion of the Court.

This suit was filed on the District Court of Ponce to recover certain taxes which plaintiff thought had been illegally imposed and collected and which he paid under protest in the internal revenue office at Adjuntas. In due time the Treasurer defendant filed a motion requesting the removal of the case to the District Court of San Juan for two reasons:

(a) Because this is a case against a public official arising from acts which were a part of his duty, the cause therefore arising in the city of San Juan where the defendant official has his office (Section 79, paragraph 2, of the Code of Civil Procedure); and.

(b) Because defendant lives in the city of San Juan (Section 81 of the same Code).

After hearing the parties the lower court decided the motion as follows:

"In view of the allegations of the complaint, of Section 79 of the Code of Civil Procedure as it was amended by Act No. 18 of April 18,

1935, and Sections 1, 2 and 3 of Act No. 8 of April 19, 1927, the Court refuses the petition for removal filed by defendant."

The defendant appealed from the decision refusing the removal. His brief alleges the following error:

"The District Court of Ponce erred in refusing the petition for removal filed by the Treasurer of Puerto Rico."

■■ The pertinent part of Section 79 of the Code of Civil Procedure invoked by appellant reads as follows:

"Section 79. Actions for the following causes must be tried in the district where the cause, or some part thereof, arose, subject to the like power of the court to change the place of trial

"1.　　＊　　＊　　＊　　＊　　＊　　＊　　＊

"2. Against a public officer, or person specially appointed to execute his duties, for any act done by him in virtue of his office, or against a person who, or by his command or in his aid, does anything touching the duties of such officer."

The above copied legal provision was copied literally from Section 393 of the Code of Civil Procedure of California which in turn was copied from the old Practice Act of that State.

Its effect was first determined in California in the year 1858 in the case of *McMillan* v. *Vischer*, 9 Cal. 421, wherein Judge Field, construing the equivalent provision of the Practice Act, said:

"The second subdivision of section nineteenth, which provides that actions against a public officer for acts done by him in virtue of his office, shall be tried in the county where the cause of some part thereof arose, applies only to affirmative acts of the officer, by which, in the execution of process, or otherwise, he interferes with the property or rights of third persons, and not to mere omissions or neglect of official duty. (*Elliott* v. *Cronk's Adm.*, 13 Wend. 35; *Hopkins* v. *Maywood*, Id. 265.)"

The case of *Bonestell, Richarson & Co.* v. *Curry* 153 Cal. 418, 420, (decided in 1908), after copying the citation which we made of the McMillan case, supra, states:

"The cases cited (referring to those of *Elliott* and *Hopkins*, supra), construing a practically similar New York statute, fully sustains the text. The provision was subsequently made a part of our Code of Civil Procedure in the light of the construction previously given by the courts, and with the intention, we must assume, that it should continue to be so construed. This construction contemplates only such affirmative acts of an officer as directly interfere with the personal rights or property of the person complaining, such as wrongful arrest, trespass, conversion etc." (Parenthesis supplied.)

To the same effect, see *State Commission in Lunacy* v. *Welch,* 154 Ca. 775.

As Section 79, paragraph 2, of the Code of Civil Procedure was copied from Section 393 of the California Code, it is presumed that the Porto Rican Legislature adopted it with the interpretation which had been given it in California. Therefore, we should accept the interpretation which has been given it by the Supreme Court of California. This being so, we must conclude that paragraph 2 of Section 79 of the Code of Civil Procedure is not applicable to the present case, which is a simple suit to recover taxes, there being no allegation whatsoever as to any affirmative act of the official, the Treasurer of Puerto Rico, which affected the personal or property rights of the complainant.

■ Act No. 8, approved April 19, 1927 (Laws, page 122) cited by the lower court, is not applicable to the present case, for what that Act provides is that in cases to recover taxes paid under protest the complaint should be filed in an Insular court having jurisdiction or in the District Court of the United States for Puerto Rico. But it does not say that the suit should be filed in the district wherein the tax has been paid:

■ Section 81 of the Code of Civil Procedure, however, is applicable to this case and we have so held in *Soto* v. *Treasurer of Puerto Rico,* 53 P.R.R.——, following the jurisprudence established by this Court in the cases of *Clemente* v. *Board of Examiners, etc.,* 38 P.R.R. 810, and *Mayagüez Dock & Shipping Co.* v. *Soltero,* 42 P.R.R. 368.

Section 81 of the Code of Civil Procedure is applicable because is appears from the record that the defendant, the Treasurer of Puerto Rico, lives in San Juan. Therefore, the decision refusing the removal should be reversed, and an order rendered decreeing the removal to the District Court of San Juan which is the court that has jurisdiction.