DIONISIA LEGARRETA RUIZ, demandante y apelada, *v.* TESORERO DE PUERTO RICO, demandado y apelante.

Núm. 7830.—*Sometido:* Marzo 15, 1939. *Resuelto:* Junio 2, 1939.

*Hon. Procurador General B. Fernández García y R. García Cintrón, Subprocurador Auxiliar,* abogados del apelante; *Fernando Zapater Martínez,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

---

* NOTA: Véase el prefacio.

Este pleito se instituyó en la Corte de Distrito de Ponce con el objeto de recobrar ciertas contribuciones que la demandante estimó le habían sido ilegalmente impuestas y cobradas y que pagó bajo protesta en la colecturía de rentas internas de Adjuntas. Oportunamente el Tesorero demandado presentó una moción pidiendo el traslado del caso a la Corte de Distrito de San Juan por dos distintos fundamentos:

(*a*) Por tratarse de un pleito contra un empleado público por actos cometidos en relación con su empleo, habiendo tenido origen la causa del litigio en la ciudad de San Juan, donde radica la oficina del funcionario demandado (artículo 79, inciso 2, del Código de Enjuiciamiento Civil); y

(*b*) Por residir el demandado en la ciudad de San Juan (artículo 81 del mismo Código).

Oídas las partes, la corte inferior resolvió la moción del demandado en la siguiente forma:

"Vistas las alegaciones de la demanda, el artículo 79 del Código de Enjuiciamiento Civil según quedó enmendado por la Ley núm. 18 de 11 de abril de 1935, y las secciones 1, 2 y 3 de la Ley núm. 8 aprobada el 19 de abril de 1927, la corte declara sin lugar la moción de traslado presentada por el demandado."

Apeló el demandado de la resolución denegando el traslado. Su alegato en apoyo del recurso contiene el siguiente señalamiento de error:

"La Corte de Distrito de Ponce, cometió error al declarar sin lugar la moción de traslado presentada por el Tesorero de Puerto Rico."

██ El artículo 79 del Código de Enjuiciamiento Civil (edición de 1933) invocado por el apelante, en lo pertinente dice así:

"Art. 79. Deberán verse en el distrito en que la causa del litigio, o alguna parte de ella, tuvo su origen, sin perjuicio de la facultad de la corte para cambiar el lugar de la vista, los pleitos por los siguientes motivos:

"1.  .  .  .  .  .  .  .  ,  ,  ,

"2. Contra un empleado público, o persona especialmente nombrada para cumplir los deberes de aquél, por cualquier acto que hubiere cometido con ocasión de su empleo; o contra una persona que, por orden suya o como su auxiliar, hiciere algo relacionado con los deberes de dicho empleado."

La disposición legal precedentemente transcrita fué tomada literalmente del artículo 393 del Código de Enjuiciamiento Civil de California, que a su vez lo fué de la antigua Ley de Práctica (*Practice Act*) del mismo Estado.

Su alcance fué determinado por primera vez en California en el año 1858, en el caso de *McMillan* v. *Vischer,* 9 Cal. 420, en donde el Juez Field, interpretando el precepto equivalente de la Ley de Práctica, dijo:

"La segunda subdivisión de la sección 19, dispositiva de que las acciones contra un funcionario público por actos realizados por él en virtud de su cargo, deberán verse en el Condado donde surgió en todo o en parte la causa de acción, se aplica solamente a actos afirmativos del funcionario, a virtud de los cuales, en la ejecución de un auto del tribunal (*execution of process*), interviene con la propiedad o derechos de terceras personas, y no es de aplicación a meras omisiones o incumplimiento de deberes oficiales. *Elliott* v. *Cronk's Adm.,* 13 Wend. 35; *Hopkins* v. *Haywood,* 13 Wend. 265."

El caso de *Bonestell, Richardson & Co.* v. *Curry,* 153 Cal. 418, 420 (resuelto en 1908), después de transcribir la cita que hacemos del caso de McMillan, supra, agrega:

"Los casos citados (se refiere a los de Elliott y Hopkins, supra), al interpretar un estatuto de New York sustancialmente igual al nuestro, sostienen completamente la cita. Ese precepto se adoptó posteriormente en nuestro Código de Enjuiciamiento Civil, a la luz de la interpretación que anteriormente le habían dado las cortes y con la intención, debemos asumir, de que continuase interpretándose en el mismo sentido. Esta interpretación contempla, o se refiere, solamente a actos afirmativos de un funcionario que directamente intervienen con los derechos personales o de propiedad del demandante, tales como arresto ilegal, *trespass* o apropiación ilegal de propiedad (*conversion*), etc. (Paréntesis nuestro.)

Véase al mismo efecto *State Commission in Lunacy* v *Welch,* 154 Cal. 775.

Procediendo el artículo 79, inciso 2, del Código de Enjuiciamiento Civil del 393 de California, se presume que el legislador puertorriqueño lo adoptó con la interpretación que le había sido dada en el Estado de su origen. Por consiguiente, debemos aceptar la interpretación que le ha dado la Corte Suprema de California. Siendo ello así, tenemos que concluir que el inciso 2 del artículo 79 del Código de Enjuiciamiento Civil no es aplicable a un caso como el de autos, en que simplemente se trata de un pleito sobre devolución de contribuciones, sin que se alegue en manera alguna actos afirmativos por parte del funcionario, Tesorero de Puerto Rico, que lastimen los derechos personales o de propiedad de la demandante.

La Ley núm. 8, aprobada el 19 de abril de 1927 (Leyes de ese año, pág. 123), citada por la corte inferior, no tiene aplicación alguna al presente caso, pues ella lo que dispone es que en los casos sobre devolución de contribuciones pagadas bajo protesta la acción deberá establecerse en una corte insular de jurisdicción competente o en la Corte de Distrito de los Estados Unidos para Puerto Rico. Pero no dice que la acción deba presentarse en el distrito donde se haya pagado la contribución.

El artículo 81 del Código de Enjuiciamiento Civil, sin embargo, es el aplicable a este caso y así lo hemos resuelto en los casos de *Soto* v. *Tesorero de P.R.*, 53 D.P.R. 950, siguiendo la jurisprudencia establecida por esta Corte en los casos de *Clemente* v. *Junta Examinadora de Ingenieros*, 38 D.P.R. 903, 906, y *Mayagüez Dock & Shipping Co.* v. *Soltero*, 42 D.P.R. 381.

Es de aplicación el artículo 81 del Código de Enjuiciamiento Civil, por resultar de los autos que el demandado, Tesorero de Puerto Rico, tiene su residencia en San Juan. *Procede, por tanto, revocar la resolución denegatoria del traslado y dictar otra decretándolo para ante la Corte de Distrito de San Juan, que es la competente.*