Compañía Cervecera de Puerto Rico, Inc., demandante y apelada, *v.* Rafael Buscaglia, Tesorero de Puerto Rico, demandado y apelante (dos casos). The Mayagüez Light, Power & Ice Company, Inc., demandante y apelada, *v.* El Mismo, demandado y apelante.

Núms. 8841, 8850, 8860.—*Sometidos:* Enero 18, 1944. *Resueltos:* Enero 20, 1944.

*Hon. Procurador General Interino M. Rodríguez Ramos* y *G. Benítez Gautier, A. E. Franco Cabrero* y *Fernando B. Fornaris, Procuradores Generales Auxiliares,* abogados del apelante; *J. Alemañy Sosa,* abogado de las apeladas.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Estos tres recursos fueron vistos y sometidos conjuntamente. Envuelven la misma cuestión, a saber, si los hechos de estos casos deben regirse por lo resuelto en el caso de *Legarreta* v. *Tesorero,* 55 D.P.R. 22.

En la demanda en el recurso 8841 se alegó que la demandante fué requerida por el Colector de Rentas Internas de Mayagüez para que pagara los arbitrios sobre cierta maquinaria importada por la demandante de los Estados Unidos para ser usada en su industria, por considerar dicha maquinaria incluída en las disposiciones del inciso 27 de la sección 16 de la Ley de Rentas Internas de Puerto Rico, según enmendada en 1936; que la demandante se negó a pagar dichos arbitrios lo que dió lugar a que el demandado, por conducto de su representante en Mayagüez, embargase diferentes propiedades de la demandante y amenazase con vender las mismas en pública subasta, viéndose la demandante obligada, para evitar dicha venta, a pagar bajo protesta a dicho Colector la suma cobrada y la cual interesa le sea devuelta.

El demandado radicó una moción solicitando el traslado del caso para la Corte de Distrito de San Juan alegando que la causa de acción de la demandante tuvo su origen en la ciudad de San Juan, donde el demandado tiene su oficina y residencia oficial, e invoca los artículos 79 y 81 del Código de Enjuiciamiento Civil. A dicha moción se acompañó una excepción previa y un *affidavit* de méritos.

Los hechos en los demás casos son los mismos. La corte inferior declaró sin lugar las mociones de traslado en los tres casos, resolviendo que, de acuerdo con las alegaciones de los demandantes, las causas de acción tuvieron su origen en la ciudad de Mayagüez, porque el requerimiento de pago, embargo de bienes y anuncio de venta de los mismos en pública subasta se llevaron a efecto por el Colector de Rentas Internas de Mayagüez, constituyendo todos ellos actos afirmativos realizados por el demandado en dicho distrito. El demandado apeló.

El artículo 79, inciso 2 del Código de Enjuiciamiento Civil, dice así:

"Artículo 79.—Deberán verse en el distrito en que la causa del litigio, o alguna parte de ella, tuvo su origen, sin perjuicio de la facultad de la corte para cambiar el lugar de la vista, los pleitos por los siguientes motivos:

"1.—        *        *        *        *        *        *        *

"2.—Contra un empleado público, o persona especialmente nombrada para cumplir los deberes de aquél, por cualquier acto que hubiere cometido con ocasión de su empleo; o contra una persona que, por orden suya o como su auxiliar, hiciere algo relacionado con los deberes de dicho empleado."

Interpretando este precepto legal y citando jurisprudencia de California en relación con el artículo 393 del Código de Enjuiciamiento Civil de dicho Estado idéntico al nuestro, esta corte, en el caso de *Legarreta* v. *Tesorero,* supra, resolvió, y citamos del sumario, que:

". . . El inciso 2, artículo 79 del Código de Enjunciamiento Civil contempla actos afirmativos de funcionarios que directamente inter-

vienen con los derechos personales y de propiedad de terceras personas. Por tanto, no es de aplicación a un pleito sobre devolución de contribuciones en el que· no se alegue acto afirmativo alguno por parte del Tesorero de Puerto Rico que lastime derechos personales o de propiedad del demandante en la acción.''

Una mera lectura de esta decisión demuestra que no es aplicable a los hechos del caso de autos. En el de *Legarreta,* supra, no se alegó en la demanda ningún ''acto afirmativo por parte del Tesorero de Puerto Rico que lastimara derechos personales o de propiedad del demandante'' mientras que en el de autos se alegan dichos actos—requerimiento de pago, embargo de bienes y anuncio de venta en subasta pública de los mismos—hechos que a los efectos de la moción de traslado y a virtud de la excepción previa el demandado aceptó como ciertos.

Arguye el apelante, sin embargo, que los actos afirmativos alegados fueron realizados por el Colector de Rentas Internas directamente y no por el demandado como Tesorero de Puerto Rico. Carece de méritos el argumento. Los Colectores de Rentas Internas son nombrados por el Tesorero de Puerto Rico—Artículo 329 Código Político—y no son otra cosa que agentes o delegados de dicho funcionario en los distintos distritos de recaudación de contribuciones. Además, el artículo 105 de la Ley de Rentas Internas de Puerto Rico dispone expresamente que:

''Sección 105.—Cuando alguna persona obligada por esta Ley al pago de los impuestos señalados en ella, no lo efectuare dentro del tiempo fijado, el Tesorero de Puerto Rico, o sus agentes, *debidamente autorizados por éste,* quedan facultados para embargar y vender en pública subasta bienes del deudor, de acuerdo con el procedimiento establecido en el Código Político, para hacer efectivas las contribuciones impuestas sobre la propiedad y no satisfechas, concediéndose al contribuyente derecho de redención en los mismos términos y extensión dispuestos en dicho código.'' (Bastardillas nuestras.)

De manera que el Colector de Rentas Internas de Mayagüez, como agente del Tesorero de Puerto Rico no estaba

autorizado a embargar bienes de la demandante a menos que hubiera sido "debidamente autorizado" por dicho funcionario. La actuación del Colector fué la actuación del Tesorero, *qui facit per alium facit per se*, y por tanto, los actos afirmativos alegados, aunque realizados de hecho por el Colector, son actos del apelante.

*Deben confirmarse las resoluciones dictadas en estos casos denegando el traslado solicitado.*

El Juez Asociado Sr. Snyder no intervino.