CAFETEROS DE PUERTO RICO, demandante y apelada, *v.* TESORERO DE PUERTO RICO, demandado y apelante.

Núm. 8947.—*Sometido ·* Enero 10, 1945. *Resuelto:* Enero 15, 1945.

*Hon. Procurador General Interino Jesús A. González y Carmen B. Hernández, Procuradora Auxiliar,* abogados del apelante; *Erasto Arjona Siaca,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

La Corte de Distrito de Ponce declaró sin lugar la moción de traslado presentada por el demandado fundando su resolución en el caso de *Compañía Cervecera de Puerto Rico* v. *Buscaglia,* 62 D.P.R. 858. En este recurso el demandado sostiene que el traslado procede y que este caso debe regirse por lo resuelto en el de *Legarreta* v. *Tesorero,* 55 D.P.R. 22, el cual fué distinguido pero no revocado por el de *Compañía Cervecera de Puerto Rico,* supra.[1]

Veamos las alegaciones de la demanda, aceptadas como ciertas a virtud de la excepción previa que acompañó el demandado a su moción de traslado, para determinar si se alega en ella algún acto afirmativo por parte del Tesorero de Puerto Rico que directamente intervenga con los derechos personales o de propiedad de los demandantes que es el requisito exigido por el inciso 2 del artículo 79 del

---

[1] En este caso dijimos a la pág. 861:

"Una mera lectura de esta decisión demuestra que no es aplicable a los hechos del caso de autos. En el de *Legarreta,* supra, no se alegó en la demanda ningún "acto afirmativo por parte del Tesorero de Puerto Rico que lastimara derechos personales o de propiedad del demandante", mientras que en el de autos se alegan dichos actos—requerimiento de pago, embargo de bienes y anuncio de venta en subasta pública de los mismos—hechos que a los efectos de la moción de traslado y a virtud de la excepción previa el demandado aceptó como ciertos."

Código de Enjuiciamiento Civil según lo interpretamos en el caso de *Legarreta,* supra.[2]

Aun cuando la demanda consta de cuatro causas de acción, en lo pertinente a la cuestión envuelta en este recurso se alega en síntesis que el demandado Tesorero de Puerto Rico requirió a los demandantes el pago de $37,314.93 en concepto de contribuciones especiales sobre café; que dicho requerimiento de pago es nulo por distintos motivos; que los demandantes llamaron la atención del demandado hacia el hecho de que ellos no estaban obligados a pagar dicha contribución y que el demandado les contestó ratificándose en el requerimiento y les concedió un plazo de diez días para efectuar el pago intimándoles "que de no hacerlo, procedería a embargar bienes . . . y a ejecutarlos por la vía fiscal acostumbrada", que existe el peligro y amenaza de que los bienes de los demandantes serían embargados y rematados en cobro del tributo.

Creemos que el apelante tiene razón cuando sostiene que, de acuerdo con estas alegaciones, el caso debe regirse por el de *Legarreta* v. *Tesorero,* supra, y no por el de *Compañía Cervecera de Puerto Rico* v. *Buscaglia,* supra.

El mero requerimiento de pago de una contribución, aún cuando posteriormente se intimase que de no efectuarse el pago se procedería al embargo y venta de bienes para su cobro, no constituye *per se* un acto afirmativo de un funcionario que directamente intervenga con un derecho personal

---

[2] Dijimos en dicho caso, después de citar jurisprudencia de California, a la página 25, lo siguiente:

"Procediendo el artículo 79, inciso 2, del Código de Enjuiciamiento Civil del 393 de California, se presume que el legislador puertorriqueño lo adoptó con la interpretación que le había sido dada en el Estado de su origen. Por consiguiente, debemos aceptar la interpretación que le ha dado la Corte Suprema de California. Siendo ello así, tenemos que concluir que el inciso 2 del artículo 79 del Código de Enjuiciamiento Civil no es aplicable a un caso como el de autos, en que simplemente se trata de un pleito sobre devolución de contribuciones, sin que se alegue en manera alguna actos afirmativos por parte del funcionario, Tesorero de Puerto Rico, que lastimen los derechos personales o de propiedad de la demandante."

o de propiedad de la persona requerida. Así lo resolvimos en el caso de *Legarreta,* supra, en el cual lo único que se alegó fué que las contribuciones habían sido ilegalmente impuestas y cobradas y la demandante pagó bajo protesta. El de autos es un caso similar y se diferencia del de *Compañía Cervecera,* supra, en el hecho esencial de que el demandado en ningún momento embargó bienes de los demandantes ni anunció la subasta de los mismos. Es más, de los autos aparece que los demandantes obtuvieron de la corte inferior una orden de aseguramiento de la sentencia que pueda recaer prohibiéndole al demandado embargar bienes de los demandantes.

*Procede, por lo expuesto, revocar la resolución denegatoria del traslado y dictar otra decretándolo para ante la Corte de Distrito de San Juan.*