JUAN MARI RAMOS, demandante y apelante, *v.* LA JUNTA DE PLANIFICACIÓN, URBANIZACIÓN y ZONIFICACIÓN DE PUERTO RICO, ETC., y R. CINTRÓN LASTRA, Registrador de la Propiedad de Mayagüez, demandados y apelados.

Núm. 9235.—*Sometido:* Diciembre 26, 1945.   *Resuelto:* Febrero 6, 1946.

José Sabater, abogado del apelante; Hon. Procurador General E. Campos del Toro, Luis Venegas Cortés, Procurador General Auxiliar y Ciro Malatrasi, Jr., abogado éste de la Junta de Planificación, abogados todos de los apelados.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Juan Mari Ramos vendió a Israel Forestier un solar segregado de una finca de su propiedad radicada en Mayagüez. Solicitado permiso para dicha segregación de la Junta de Planificación ésta lo negó por ser dicho solar de una cabida menor a la autorizada por el Reglamento de Planificación. En la misma resolución la Junta hace constar que desaprobará toda segregación que haga en el futuro el demandante, que sea menor de 300 metros cuadrados y a menos que las calles de la urbanización estén afirmadas y tengan encintados y cunetas. El señor Mari radicó una demanda de *injunction* ante la Corte de Distrito de Mayagüez solicitando se prohiba a la Junta de Planificación "que. intervenga en ninguna forma ni se oponga ni obstaculice la inscripción del solar segregado y vendido por el demandante . . ., ni de los demás solares de menos de 300 metros cuadrados que segregue y venda . . . ". Se incluyó también como demandado al Registrador de la Propiedad de Mayagüez alegando el demandante que dicho registrador, debido a la letra de la Ley núm. 213 de 1942 ((1) pág. 1107), se niega a inscribir solares de una extensión menor de cinco (5) cuerdas a menos que se presente un certificado de la Junta de Planificación aprobando la segregación y se pide que se ordene al referido registrador proceda a cumplir y obedecer la sentencia que se dicte en el caso, inscribiendo específicamente la segregación y todas las demás que se hagan posteriormente.

Los demandados comparecieron y solicitaron el traslado del caso a la Corte de Distrito de San Juan alegando que la acción se originó en San Juan con motivo de la Resolución de la Junta en su residencia; que todos los demanda-

dos interesados en el pleito residen en San Juan; que el Registrador de la Propiedad de Mayagüez no es parte nesaria en el pleito sino ficticia y para evitar el traslado, y que la Junta de Planificación, Urbanización y Zonificación de Puerto Rico y cada uno de sus miembros tiene una sólida defensa que ofrecer al *injunction*. Acompañaron la moción de traslado con otra de archivo y sobreseimiento.

La Corte de Distrito de Mayagüez, después de celebrar una vista, ordenó el traslado del caso a San Juan, y contra esta resolución apeló al demandante para ante esta Corte alegando la comisión de tres errores, a saber:

"(I) La Corte inferior cometió error al decretar el traslado por razón de residencia de los demandados, denegando de ese modo la retención de su jurisdicción por tratarse de una acción que participa de lo real o sea que se trata de una acción relativa a una finca urbana radicada en el municipio de Mayagüez siendo la corte de distrito de Mayagüez la que tiene jurisdicción exclusiva sobre el caso cuando el demandante reclama dicha jurisdicción.

"(II) La corte inferior cometió error al ignorar que uno de los demandados, el Registrador de la Propiedad de Mayagüez, aunque sus abogados o sea, los abogados de los demandados, solicitaron a su nombre también el traslado, tiene su residencia oficial en Mayagüez, dentro del Distrito Judicial de Mayagüez.

"(III) La corte inferior erró al dictar el decreto de traslado fundándose en una solicitud deficiente y sin méritos para ello, según la ley y la jurisprudencia."

Consideraremos solamente los dos primeros errores alegados, por considerar que el tercero carece de méritos.

■■ El artículo 79 del Código de Enjuiciamiento Civil de Puerto Rico, Ed. 1933 y, en particular, el inciso segundo de dicho artículo, dicen:

"Artículo 79.—Deberán verse en el distrito en que la causa del litigio, o alguna parte de ella, tuvo su origen, sin perjuicio de la facultad de la corte para cambiar el lugar de la vista, los pleitos por los siguientes motivos:

"1.  .    .    .    .    .    .  .    .    .    .    .  .

"2. Contra un empleado público, o persona especialmente nombrada para cumplir los deberes de aquél, por cualquier acto que hu-

biere cometido con ocasión de su empleo; o contra una persona que, por orden suya o como su auxiliar, hiciere algo relacionado con los deberes de dicho empleado."

No tenemos duda de que en el caso de autos la causa de acción surgió en San Juan, o sea, en el domicilio de los demandados miembros de la Junta de Planificación.

De acuerdo con las alegaciones de la demanda, se impugna una resolución de la Junta de Planificación dictada en su domicilio oficial en San Juan. Aun cuando dicha resolución afecte derechos del apelante en otro distrito, el sitio donde surgió la causa de acción fué en San Juan. La doctrina expresada en los casos de *Legarreta* v. *Tesorero,* 55 D.P.R. 22, y *Cafeteros de P. R.* v. *Tesorero,* 64 D.P.R. 435, interpretando el inciso segundo del art. 79 del Código de Enjuiciamiento Civil, es aplicable al de autos.

■■ Arguye el apelante que la acción establecida es de carácter real y por tanto debe verse en Mayagüez. No estamos de acuerdo. La demanda es una de *injunction,* que es una acción *in personam* y no *in rem, Veve et al.* v. *The Fajardo Development Co.,* 15 D.P.R. 577; 28 Am. Jur. 199, y el hecho de que la resolución de la Junta de Planificación se refiera a un solar situado en Mayagüez, no priva a los demandados del derecho que le concede la ley al traslado.

■ No se cometió el primer error imputado y tampoco el segundo pues si bien en la demanda se incluyó al Registrador de la Propiedad de Mayagüez, no se hace alegación alguna en la demanda que tienda siquiera a demostrar que el registrador haya actuado en relación con el caso del demandante. Alega el apelante que es necesario incluirlo para obligar al registrador a actuar de acuerdo con la sentencia que en su día dicte la corte.

No estamos de acuerdo. Si el demandante obtiene sentencia a su favor podrá entonces presentar el documento al registro y acompañarlo de la sentencia y, en caso de que el registrador se negare a inscribirlo, entonces y no antes, proceder contra él a través de un recurso gubernativo.

En *Siever* v. *Union Pac. R. Co.*, 93 N. W. 943–5, se expone la regla aplicable al de autos en esta forma:

"La verdadera prueba para determinar si la competencia es propia, para que la citación pueda extenderse a otro distrito, es si el demandado emplazado en el distrito donde el juicio se trae es un demandado *bona fide* a la acción—ya sea su interés en el resultado de la acción en alguna manera adverso al del demandante con respecto a la causa de acción contra los otros demandados—y en *acciones en equidad* se puede investigar además, si el demandante puede o no obtener un remedio completo, adecuado y satisfactorio sin incluir tal parte demandada y obligarlo por los términos de la sentencia y orden." (Bastardillas nuestras.)

No se desprende de las alegaciones de la demanda que el registrador sea una parte necesaria en el pleito ni que contra él exista causa de acción. En el caso de *Muñoz* v. *Benítez Rexach*, 48 D.P.R. 631–2, se sostuvo que "La acumulación fraudulenta de un demandado residente contra quien la parte demandante no tiene causa de acción, meramente con el objeto de impedir que el verdadero demandado no residente obtenga el traslado, no se permitirá que logre ese resultado. (Citas) En tal caso no existe desde luego ningún verdadero demandado residente."

*La sentencia apelada debe ser confirmada.*