Cooperativa de Cafeteros de Puerto Rico, demandante y apelante, *v.* Ramón Colón Torres y Carlos M. Matos, en su carácter de Secretario de Agricultura y Comercio y de Inspector de Cooperativas, respectivamente.

Número 11160.

*Sometido:* 3 de mayo de 1954. *Resuelto:* 14 de mayo de 1954.

*Francisco Parra Toro, Héctor González Blanes, Pedro E. Muñiz Ramos* y *S. L. Lagarde Garcés,* abogados de la apelante; *Hon. Secretario de Justicia José Trías Monge* y *Edgar S. Belaval, Procurador Auxiliar,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del tribunal.

La entidad apelante Cooperativa Cafeteros de Puerto Rico impugna ante este Tribunal una resolución de la Sala de Ponce del Tribunal Superior en virtud de la cual la Sala de Ponce ordenó el traslado a la Sala de San Juan del Tribunal Superior de una acción de sentencia declaratoria interpuesta originalmente en el tribunal de Ponce por la apelante, contra Ramón Colón Torres y Carlos M. Matos, como Secretario de Agricultura y Comercio e Inspector de Cooperativas, respectivamente.

En la demanda se alega sustancialmente que existe una controversia entre las partes con respecto al poder y facultad del Inspector de Cooperativas de exigir de la demandante la entrega de informes sobre el funcionamiento, negocios y administración de la demandante, envolviendo la controversia la interpretación que deba adoptarse de la Ley 291 de 9 de abril de 1946 ((1) pág. 687), según ha sido posteriormente enmendada. Se alega en la demanda que la demandante Cooperativa Cafeteros de Puerto Rico es una cooperativa que tiene su oficina principal en la ciudad de Ponce; que esa entidad envió un informe anual al Inspector de Cooperativas, y que este último, el 21 de abril de 1953 dirigió una comunicación a la demandante y apelante, interesando datos e informes adicionales; que la apelante invitó al Inspector de Cooperativas a que examinase, en las oficinas de la apelante en Ponce, cualesquiera documentos, libros y papeles de la apelante, incluyendo un informe rendido a la apelante por su contador, Gonzalo Aponte; que el Inspector de Cooperativas exigió entonces la entrega a él de tal informe, con relación a los datos adicionales que interesaba el Inspector de Coope-

rativas, negándose la apelante a entregar ese informe al Inspector; que la apelante recurrió al Secretario de Agricultura y Comercio quien, después de la celebración de una vista ante él, resolvió que él no tenía facultad para revisar la actuación del Inspector; que finalmente la apelante se negó a entregar tales informes y que el Inspector de Cooperativas notificó por carta a la apelante, antes de la celebración de la vista ante el Secretario de Agricultura y Comercio, que por haberse negado la apelante a rendir la información solicitada, ella venía obligada al pago de una multa de $5 diarios por el término de 15 días, "amenazando además. a dicha Cooperativa con seguir aquellos otros procedimientos que dispone la ley". Se indica que existe una controversia en cuanto a las facultades del Inspector de Cooperativas para exigir los informes y datos que él solicitó, en cuanto a si las actuaciones del Inspector constituyen o no un ejercicio abusivo, arbitrario o ilegal de sus poderes, y si el Inspector puede obligar a la apelante a "paralizar el trabajo normal de funcionarios y empleados de la Asociación para dedicarlos a la realización de las labores de investigación por él interesadas"; y "si corresponde o no al Secretario de Agricultura y Comercio atender las querellas que se formulen contra las actuaciones del Inspector de Cooperativas."

La demanda fué radicada en el tribunal de Ponce y fué notificada a los demandados el 10 de junio de 1953. El 19 de junio los demandados presentaron una moción de traslado del caso a la Sala de San Juan del Tribunal Superior, por los fundamentos de (1) que los demandados residen en San Juan; (2) la causa de acción, de haber alguna, surgió en el distrito judicial de San Juan y (3) "porque, de haber necesidad de presentar prueba, los principales testigos de los demandados serían ellos mismos y ambos son funcionarios públicos, con oficinas en San Juan y teniendo múltiples deberes y obligaciones de sus respectivos cargos por la cual razón se les haría muy difícil ausentarse de San Juan para la vista de este caso".

Conjuntamente con la moción de traslado, y el mismo día, 19 de junio de 1953, los demandados radicaron en el Tribunal de Ponce una moción de prórroga para alegar en contra de la demanda. La prórroga fué concedida el 23 de junio. El 6 de julio los demandados presentaron una moción de prórroga adicional para alegar en contra de la demanda, la cual fué concedida, indicándose en la moción que estaba pendiente de vista y resolución la moción de traslado. El 16 de julio los demandados radicaron su contestación a la demanda. El 3 de septiembre de 1953 el tribunal de Ponce dictó una resolución declarando con lugar la moción de traslado y ordenando el traslado del caso a la Sala de San Juan del Tribunal Superior, por el fundamento de que la causa de acción había surgido en San Juan, debiendo ser trasladado el caso a San Juan bajo las disposiciones del inciso 2 del artículo 79 del Código de Enjuiciamiento Civil. La demandante ha apelado para ante este Tribunal y ha señalado los siguientes errores:

"Primer Error: El tribunal inferior cometió error al decretar el traslado habiéndose sometido los demandados a la competencia de dicho tribunal al radicar moción de prórroga conjuntamente con la moción de traslado; y asímismo cometió error al decretar el traslado porque los demandados residen en San Juan, lo cual no fué alegado en la demanda y cuyo extremo no se acreditó en la moción de traslado bajo juramento o mediante *affidavit* de méritos.

"Segundo Error: El Tribunal Superior de Puerto Rico, Sala de Ponce, cometió error de hecho y derecho al concluir que en la demanda sólo se alegan hechos realizados o actuaciones y decisiones oficiales tomadas por los demandados en la sede de sus cargos en San Juan. (Véase L. de la Sent., pág. 43.)

"Tercer Error: El Tribunal Superior de Puerto Rico, Sala de Ponce, cometió error de hecho y derecho al concluir que en la demanda no se alegan actos afirmativos realizados por el demandado Carlos M. Matos en su carácter de Inspector de Cooperativas, en las oficinas principales de la demandante Cooperativa Cafeteros de Puerto Rico en Ponce.

"Cuarto Error: El Tribunal Superior de Puerto Rico, Sala de Ponce, cometió error de hecho y derecho al declarar con lugar

la moción de traslado en contravención a las disposiciones del artículo 79 del Código de Enjuiciamiento Civil vigente y a la jurisprudencia establecida en relación con dicho artículo."

■■ La sección 10 de la Ley de la Judicatura (Ley núm. 11, aprobada el 24 de julio de 1952, (2) pág. 31), dispone, en parte, que "toda acción civil o criminal se presentará en aquella sala del Tribunal situada en el territorio en que la misma hubiese sido radicada bajo la legislación en vigor hasta el presente" y que "todo caso podrá ventilarse en la sección o sala en que se radique, por convenio de las partes y la anuencia del juez que presida dicha sala en ese momento, o, de no ser así oído, será transferido por orden del juez a la sección o sala correspondiente, de conformidad con las reglas que el Tribunal Supremo adoptare". Al disponerse que, en ausencia de convenio en contrario de las partes y la anuencia del juez, el caso será transferido a la sala *correspondiente*, ello conlleva el traslado del caso a aquella sala situada en el territorio en que la acción hubiese sido radicada bajo la legislación en vigor hasta la fecha en que se aprobó la Ley de la Judicatura. El primer problema que debemos considerar consiste en la determinación o localización de la sala en donde se debería radicar la acción bajo tal legislación. La disposición legal relevante a este caso, [1] en vigor en la fecha en que se aprobó la Ley de la Judicatura, es el inciso 2 del artículo 79 del Código de Enjuiciamiento Civil, que dispone lo siguiente:

"Artículo 79.—Deberán verse en el distrito en que la causa del litigio, o alguna parte de ella, tuvo su origen, sin perjuicio de la facultad de la corte para cambiar el lugar del juicio, los pleitos por el siguiente motivo . . .

"

"(2) Contra un empleado público, o persona especialmente nombrada para cumplir los deberes de aquél, por cualquier acto que hubiere cometido con ocasión de su empleo; o contra una

---

[1] No conteniendo la Ley de Sentencias Declaratorias disposición específica alguna sobre el sitio donde ha de tramitarse la acción, son aplicables las disposiciones generales prevalecientes en cuanto al lugar del juicio. 16 Am. Jur. 327, sección 54.

persona que, por orden suya o como su auxiliar, hiciere algo relacionado con los deberes de dicho empleado."

En el contexto del artículo 79, la causa de acción surge en el momento en que ella se origina y adquiere existencia, cuando se presenta y se convierte en operante, en la ocasión en que ocurre el acto o el incumplimiento que originalmente y en primer término da lugar a la causa de la querella judicial y crea la necesidad del litigio. *Bergin* v. *Temple*, 111 P.2d 286, 133 A.L.R. 1115, 1119, 1120. Se trata en este caso de una acción de sentencia declaratoria, en que un ingrediente esencial de la causa de acción es la existencia de una controversia, que se refiere, en este caso, a la interpretación de un estatuto, con respecto a los poderes y facultades de dos funcionarios públicos. Se trata de una pugna entre dos actitudes interpretativas, de un conflicto entre cierta tesis gubernamental y el punto de vista de la demandante. La esencia de la acción declaratoria descansa en la expresión de la tesis oficial de los demandados, de la interpretación gubernamental que se forma y se origina en San Juan, sede gubernamental en donde se manifiesta la primera causa operante de la controversia. Es en San Juan donde se origina la controversia, ya que allí es donde ocurre la primera actuación que da lugar y ocasiona la querella judicial y que crea la necesidad del litigio. Es en San Juan donde ocurre el acontecimiento determinante de la causa de acción, donde se inicia el desarrollo del proceso de la formación de la controversia. Por lo tanto, la causa de acción tuvo su origen en el territorio donde está localizada la Sala de San Juan, y actuó correctamente el Tribunal de Ponce al trasladar el caso a la Sala de San Juan.

■■ El inciso 2 del artículo 79 ya citado, contempla actos afirmativos de funcionarios que directamente intervienen con los derechos personales y de propiedad de terceras personas, y, de no ocurrir tales actos afirmativos, sería aplicable el artículo 81 del Código de Enjuiciamiento Civil, debiendo verse

el caso entonces en la sala del territorio donde residan los demandados. *Legarreta* v. *Tesorero de P. R.*, 55 D.P.R. 22; *Cafeteros de P. R.* v. *Tesorero*, 64 D.P.R. 435; *Mari* v. *Junta de Planificación*, 65 D.P.R. 636; *Brock* v. *Superior Court*, 165 P.2d 59, (California), opinión subsiguiente sobre otros extremos en 29 Cal.2d 629, 170 A.L.R. 521. Aun suponiendo que el hecho de que el Inspector de Cooperativas exigiese la entrega de ciertos informes equivalga a un acto afirmativo, la razón de ser de la causa de acción en este caso no es la actuación de los demandados, sino la interpretación del estatuto que dió lugar a esos actos. El conflicto judicial no se refiere especialmente al impacto concreto de los actos de los demandados, sino a la interpretación que deba darse al estatuto. Además, la petición de informes adquiere virtualidad en el sitio donde se originó la petición. El cumplimiento de la petición de informes tiene eficacia y significación en las oficinas del Inspector de Cooperativas y del Secretario de Agricultura y Comercio. Ese es el verdadero campo de batalla o escenario para la pugna de las dos tesis contrarias. Allí es donde realmente la controversia está localizada y donde se ha originado y ha de resolverse el antagonismo entre las partes.

Son aplicables a este caso los de *Mari* v. *Junta de Planificación*, supra, y *Clemente* v. *Junta Examinadora de Ingenieros*, 38 D.P.R. 903. En el caso de *Mari* se resolvió que, de surgir una causa de acción de una resolución de la Junta de Planificación negando un permiso de segregación por ser contrario al Reglamento de Planificación, el caso debía ser trasladado del Tribunal de Mayagüez al de San Juan, ya que fué en San Juan donde surgió la causa de acción. En el caso de *Clemente* se resolvió que denegada una licencia por la Junta Examinadora de Ingenieros y Arquitectos, siendo tal acto oficial comprendido en el inciso 2 del artículo 79 del Código de Enjuiciamiento Civil, y teniendo lugar en San Juan,

donde la Junta tiene sus oficinas y domicilio legal, el caso debería ventilarse en el Tribunal de San Juan.

En el caso de *Cecil* v. *Superior Court,* 59 Cal.App.2d 793, 140 P.2d 125, se trataba de un procedimiento de *mandamus* para que se dejase sin efecto una actuación del Director de Agricultura de California cancelando una licencia de un distribuidor de leche que tenía sus oficinas en el Condado de Los Angeles. Se resolvió que la acción de mandamus debía tramitarse en el Condado de Los Angeles, y no en la ciudad capital, donde tenía sus oficinas el Director de Agricultura. Ese caso es distinto, en sus hechos y en su naturaleza, al de autos. Es más aplicable el caso posterior de California de *Brock* v. *Superior Court,* supra, en que se trataba de una acción declaratoria en cuanto a la interpretación que debía adoptarse de un reglamento del Director de Agricultura, y de un ataque a la validez y razonabilidad de esos reglamentos. Se resolvió que el litigio debía ventilarse en los tribunales del condado donde estaba localizada la ciudad capital, donde residía el Director de Agricultura, y no en el condado donde residían los demandantes y donde estaban localizadas las fincas que quedaban afectadas por el Reglamento.

Alega la apelante que los demandados renunciaron a su posible derecho a que el caso se trasladase a San Juan, por haber radicado mociones de prórroga para alegar, y una contestación a la demanda, en el tribunal de Ponce. Como ya hemos visto, bajo la sección 10 de la Ley de la Judicatura, un caso puede verse en una sala que no sea la correspondiente si media el convenio de las partes y la anuencia del juez. Los demandados radicaron su primer moción de prórroga para alegar conjuntamente con la moción de traslado, y al radicar una segunda moción de prórroga, hicieron referencia a la moción de traslado que aún estaba pendiente de vista y resolución. Posteriormente radicaron su contestación a la demanda en el Tribunal de Ponce. De tales circunstancias surge que los demandados no convinieron en que el caso se

viese en Ponce, sino que demostraron tener la intención de que cualquier alegación que ellos presentasen en el tribunal de Ponce estaba sujeta a los resultados de su moción de traslado. De todos modos, faltó el segundo requisito esencial para que el caso se viese en la Sala de Ponce y no en la de San Juan, esto es, no hubo la anuencia del juez de Ponce para. que el caso se tramitase en la Sala de Ponce.

La Ley de la Judicatura es la base de referencia en cuanto al problema de sumisión por convenio con respecto a la facultad de una sala o sección de un tribunal. Pero aun refiriéndonos a las Reglas de Enjuiciamiento Civil, aplicables a sentencias declaratorias (véase la regla 57), las mociones de prórroga presentadas en este caso no equivalían à una sumisión que impidiese una solicitud de traslado.

*Debe confirmarse la resolución apelada.*

El Juez Asociado Sr. Belaval concurre con el resultado.