*608 Voto disidente emitido por el
Juez Asociado Señor Martínez Torres.
Hoy este Tribunal se niega a dar curso a un acuerdo de la Sala de Verano para emitir una orden de paralización en auxilio de jurisdicción. La Regla 6(b) de nuestro Reglamento, 4 LPRA Ap. XXI-B, no faculta a ningún Juez a votar en un asunto que está referido a una sala de verano si el Juez no está asignado a ella. Meramente permite que una mayoría de Jueces o la Jueza Presidenta convoque al Tribunal en pleno a una reunión extraordinaria en la que se consideraría si el Pleno interviene o no en el caso en agenda. Sin embargo, en violación del Reglamento, todos los integrantes del Tribunal votaron en un asunto luego de que el Juez Asociado Señor Estrella Martínez no estuvo conforme con el resultado de la votación en su sala. Ese precedente es nefasto y si ese va a ser el curso a seguir me pregunto para qué nos dividimos en salas.
Además, al pasarle por encima a la sala sin que ninguna de las partes lo haya solicitado dejamos la duda en la percepción pública de por qué en este caso no se siguió el proceso ordinario. En verano, el Pleno del Tribunal está en receso. ¿Por qué levantar el receso solamente para atender este caso? ¿Será convincente la explicación?
La sala acordó paralizar. Como dispone el Reglamento, al Tribunal en pleno le tocaría decidir al comienzo de la sesión regular si expide o no. Mientras tanto, lo que procedía era emitir una Resolución que recogiera el acuerdo de la Sala de Verano. Eso no es un reclamo de poder de veto. El Tribunal en pleno siempre tendrá que pasar juicio sobre lo que la sala acordó, en el momento que el Reglamento dispone para ello. Lo que objeto es que se releve a una sala en un caso particular, sin reunir al Tribunal, por una discrepancia con lo que esa sala acordó. Así pues, mi reclamo no es al automatismo; *609 es a que no cambiemos las reglas del juego para forzar un resultado.
La mayoría convocada de forma ultra vires podrá emitir una Resolución, pero eso no la legitima. Por el contrario, nos deslegitimiza a todos por seguir un proceso distinto al que se dispone en el Reglamento. No reconozco la validez de ninguna votación que no se lleve a cabo como el Reglamento dispone. Sea como sea, puedo protestar, pero no puedo evitar que se certifique la Resolución acordada en violación de nuestro Reglamento. El daño a la imagen de este Tribunal es irreparable.
Dicho esto, me corresponde explicar públicamente por qué la Sala de Verano acordó paralizar. Un examen del dictamen del Tribunal de Apelaciones nos convenció de que la parte peticionaria, Doral Financial Corporation (Doral), tiene un planteamiento fuerte en los méritos que, de no atenderse en esta etapa, conllevaría ordenar un nuevo juicio.
En síntesis, en este caso hay que interpretar la See. 6051.07 del Código de Rentas Internas de Puerto Rico, 13 LPRA see. 33207. Su texto es idéntico a su contraparte federal, la See. 32.3.4.2 del Código de Rentas Internas de Estados Unidos, 26 USC see. 7121. Por eso deben interpretarse de manera similar, pues debemos “presumir que también se adoptó la interpretación dada a dicha ley en su lugar de origen”. Fund. Surfrider y otros v. A.R.Pe., 178 DPR 563, 578 (2010). Véase, además, Legarreta v. Tesorero de P.R., 55 DPR 22, 25 (1939).
Siguiendo esa norma de hermenéutica, el Tribunal de Primera Instancia resolvió que en este pleito, en el que el Gobierno de Puerto Rico quiere que se declare nulo un acuerdo contributivo con la peticionaria Doral, el estándar probatorio aplicable es el de prueba robusta y convincente, y es necesario probar la intención de cometer un “fraude o engaño, o falseamiento de un hecho pertinente”. See. 6051.07(b), supra. Siguió, así, lo resuelto por los tribunales *610 especializados {Tax Courts) que han interpretado la ley federal equivalente. Véase, por ejemplo, Halpern v. C.I.R., TC Memo 2000-151 (US Tax Court Memos 2000), y casos allí citados (clear and convincing proof).
El Tribunal de Apelaciones revocó. Sin negar que la norma probatoria bajo el estatuto federal es la descrita en el párrafo anterior, la rechazó y, en su lugar, ordenó que aplique la regla general de preponderancia de prueba. Doral cita la jurisprudencia federal para señalar el error del foro intermedio. Además, señala que la garantía constitucional contra el menoscabo de los contratos (Art. II, Sec. 7, Const. PR) exige que para declarar nulo este contrato el gobierno tiene que cumplir con el quantum de prueba más riguroso.
Los casos federales que interpretan la See. 32.3.4.2, supra, señalan también que para probar el engaño o el falseamiento de un hecho pertinente necesario para invalidar un acuerdo contributivo, el gobierno tiene que demostrar un “intento deliberado de engañar o inducir a error similar al que se requiere para probar fraude”. (Traducción suplida). Ravetti v. U.S., 74 AFTR2d 94-6617, 6736 (1994) (“deliberate intent to deceive or mislead similar to that required to prove fraud”). Sin embargo, el Tribunal de Apelaciones hizo un análisis distinto basado en otras fuentes y rechazó la interpretación de la See. 32.3.4.2, supra.
Un estudio inicial de la interpretación del Tribunal de Apelaciones arroja que esta parece ser contraria a la que los tribunales especializados han dado a la legislación similar. La decisión del foro intermedio afecta irremediablemente cómo se conducirá el juicio señalado para comenzar mañana, 17 de septiembre de 2014. Hay que evaluar con detenimiento los planteamientos de las partes para evitar que se cometa un error revocable que, como señalé en mi voto disidente en Doral et al. v. ELA et al. II, 191 DPR 190 (2014), a la larga sea esfuerzo y tiempo perdidos. Por eso, considero ineludible paralizar el inicio de ese proceso, en auxilio de nuestra jurisdicción.