ISABEL VÉLEZ DE LONGORIA, peticionaria, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE AGUADILLA, HON. ROBERTO VERAY TORREGROSA, JUEZ, demandado; HERNÁN LONGORIA QUIÑONES, interventor.

*Número:* O-74-32      *Resuelto:* 16 de mayo de 1974

*F. Ariel Aviles Rodríguez* y *Angel L. Tapia Flores,* abogados de la peticionaria; *Eric Milán Muñiz,* abogado del interventor.

PER CURIAM: Lo normal dentro de nuestro sistema de enjuiciamiento es que la acción personal de divorcio se ventile en el foro del domicilio del cónyuge demandado, y la norma adquiere una adicional fortaleza cuando tanto el marido como la mujer están domiciliados en el mismo municipio. *Roure* v. *Tribunal Superior,* 99 D.P.R. 832 (1971). Hay circunstancias de excepción en que no se sigue la regla general, siendo la sumisión a un foro impropio la que aquí se invoca por el marido interventor; y ello exige una evaluación de los actos y conducta de la parte demandada que pueden dar base a una renuncia de un derecho a domicilio.

Ambos cónyuges envueltos en este caso residen en el municipio de San Germán. El pleito de divorcio por separación lo inició el marido mediante demanda radicada en la Sala de Aguadilla ante la cual compareció la demandada en solicitud de prórroga para alegar. Al expirar ésta sin haber contestado la demandada, el actor pidió anotación de rebeldía y es entonces, a los 33 días de emplazada y 4 de haber expirado la prórroga, que la esposa solicitó traslado del caso para la Sala de Mayagüez que es la de su domicilio.

En contemporaneidad con los procedimientos de Aguadilla, la mujer inició su propia acción de divorcio presentando una demanda en la Sala de Hato Rey que el marido pidió se trasladara a Aguadilla y así le fue concedido con tal premura que impidió proveer a la oposición de la demandante por lo que ella reprodujo ante la Sala de Aguadilla su solicitud de traslado para Mayagüez, sede judicial que comprende la ciudad de San Germán donde residen ambos cónyuges en litigio.

Aguadilla denegó el traslado, y expedimos orden para mostrar causa por la que no deba concederse. El memorando del interventor no ha variado nuestro primer criterio sobre la cuestión.

■ La aceptación para conocer por Salas del Tribunal de Primera Instancia de asuntos que involucran personas o materias no asignadas a su competencia usual trastoca la distribución de labor judicial intentada con la creación de demarcaciones territoriales para cada Sala, constituyendo ésta una razón de buena administración por la que no debe acogerse con laxitud y liberalidad la emigración de litigantes y promoventes hacia salas de su particular selección. Reiteramos lo expresado en *Colón* v. *Tribunal Superior*, 97 D.P.R. 106, 122-23 (1969) : "[6] Radicada una causa o recurso en una Sala del Tribunal de Primera Instancia que no es la señalada por ley con competencia para conocer del asunto, como regla general, el juez que la preside debe dar traslado de la misma a la Sala correspondiente, a menos que existan circunstancias extraordinarias que requieran apartarse de esta norma, y justifiquen que el juez dé su anuencia para seguir con la causa. De lo contrario, tendríamos la unificación de los tribunales para fines de jurisdicción, pero no tendríamos la más ordenada organización para fines de funcionamiento. Ello podría redundar en una menos eficiente administración de justicia."

■ Para que se tenga a una parte demandada en una acción personal por sometida a una Sala que no es la de su domicilio, se requiere una conducta afirmativa y suficiente demostración de su propósito de aceptar dicha Sala para que allí se adjudique finalmente su derecho; o un claro abandono por inacción de su derecho al traslado.

■ No consideramos que tenga esa trascendencia la omisión de acompañar la solicitud de traslado a la primera alegación; ni que pueda catalogarse como desidia y abandono confiscatorio del derecho al traslado una breve demora sub-

siguiente a la expiración de una prórroga para contestar. El traslado de la acción en no menor grado que todos los demás procedimientos civiles, ha sido liberado de unos moldes y fórmulas investidos de rigidez sacramental que antaño le daban tono de liturgia a la contienda jurídica. No encontramos razón de mérito para que este caso no sea remitido al foro del domicilio común de los cónyuges.

Se expedirá el auto, *se revocará la resolución revisada y se ordenará el traslado de los casos TS-73-1878 y TS-73-2207 de la Sala de Aguadilla para la de Mayagüez, del Tribunal Superior.*