AETNA INSURANCE COMPANY y THE BLYTHE COMPANY OF PUERTO RICO, peticionarias, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE CAGUAS, HON. JUAN C. SANTIAGO MATOS, JUEZ, demandado; AETNA CASUALTY & SURETY COMPANY, interventora.

*Número:* O-72-97          *Resuelto:* 27 de febrero de 1975

*Polo, Rivera Mercado & Lasa* y *Ulpiano Falcón Matos,* abogados de las peticionarias; *Agrait Oliveras & Otero,* abogados de la interventora.

EL JUEZ ASOCIADO SEÑOR MARTÍN emitió la opinión del Tribunal.

Se trata de una petición de traslado para la Sala del Tribunal Superior donde hubiera correspondido iniciar la acción con anterioridad a la vigencia de la Ley de la Judicatura de 1952. 4 L.P.R.A. sec. 62; Regla 3 de Procedimiento Civil, 32 L.P.R.A. Ap. II, R. 3. Debemos resolver esencialmente si una moción de prórroga para contestar una demanda de daños y perjuicios presentada con antelación a la solicitud de traslado, constituye una sumisión del demandado a la sala del Tribunal Superior donde fue presentada la acción.

Las demandadas-peticionarias son la arrendataria y aseguradora respectivamente de una pala mecánica propiedad de la asegurada de la compañía de seguros interventora que alegadamente se despeñó a causa de un derrumbe provocado por las lluvias mientras la demandada The Blythe Company of Puerto Rico la utilizaba en la construcción de la autopista que conduce de San Juan a Ponce. La interventora se subrogó en todos los derechos de su asegurada y es en esa capacidad que insta la acción para recobrar el pago que hizo a su asegurada por los daños y perjuicios sufridos por la pala mecánica en cuestión.

La parte demandada-peticionaria solicitó en tiempo y obtuvo una prórroga para contestar la demanda. Antes de presentar la contestación solicitó el traslado del caso al Tribunal Superior, Sala de Ponce, alegando como fundamento que los hechos que motivaron la acción ocurrieron en la demarcación territorial que corresponde a la Sala de Ponce, (1) y sugería la posibilidad de que fuera necesaria una inspección ocular del lugar donde ocurrieron los hechos.

La Sala de Caguas denegó el traslado solicitádole y resol-

---

(1) Véase 4 L.P.R.A. sec. 63, Historial.

vió que "la moción de prórroga sin más conlleva la renuncia a objetar la competencia", y añadió que no se le demostró la necesidad de una inspección ocular para la adjudicación justa del caso. Señaló además en su resolución que dicho caso estaba relacionado con otro radicado en la misma Sala de Caguas en el que el dueño del equipo en cuestión establece una reclamación por la pérdida de uso del mismo mientras estuvo bajo reparación.

■ La Regla 3 de Procedimiento Civil siguiendo los preceptos de la Sec. 10 de la Ley de la Judicatura, 4 L.P.R.A. sec. 62, dispone que todo pleito se presentará en aquella sala del tribunal situada en el territorio en que hubiese sido radicado bajo la legislación anterior a la Ley de la Judicatura. La legislación anterior aplicable y que está aún vigente lo es el Art. 79 del Código de Enjuiciamiento Civil de 1933, 32 L.P.R.A. sec. 405, que dispone, entre otras cosas, que los pleitos para obtener el importe de una indemnización contra una compañía de seguros proveniente de un contrato de póliza de seguro o para recobrar daños y perjuicios de acuerdo con las Secs. 5141 y 5142 del Título 31 deberán ventilarse en el distrito en que se originare la causa de acción. Véanse, *Cooperativa Cafeteros* v. *Colón*, 76 D.P.R. 473 (1954); *Usera* v. *Luce & Co.*, 58 D.P.R. 290 (1941); *Santos* v. *Porto Rican Express Co.*, 52 D.P.R. 571 (1938). Ello no obstante, la propia Regla 3 de Procedimiento Civil y la Sec. 10 de la Ley de la Judicatura permiten la ventilación de tales pleitos en la Sala en que se presenten al proveer que:

". . . no se desestimará ningún caso fundado en haberse sometido a una sección sin jurisdicción o autoridad o a una sala de un tribunal sin competencia para ello. Todo caso podrá ventilarse en la sección o sala en que se radique por convenio de las partes y la anuencia del juez que preside dicha sala en ese momento, o, de no ser así oído, será transferido por orden del juez a la sección o sala correspondiente de conformidad con las Reglas que el Tribunal Supremo adoptare."

En consonancia con la Regla 3 antes transcrita, el juez de la sala en que está radicado el pleito debe determinar si existe el convenio de las partes a que la regla hace referencia y si debe dar su anuencia para que el caso se siga ventilando en dicha sala.

Si bien uno de los propósitos fundamentales de la reforma judicial encarnada en la Constitución, en la Ley de la Judicatura y luego en las Reglas de Procedimiento Civil de 1958 fue el logro de la unificación de los tribunales y la eliminación de los defectos jurisdiccionales y de los efectos inexorablemente fatales de una equivocación en cuanto al lugar adecuado para ventilar un litigio, dicho objetivo debe alcanzarse no solamente mediante la unificación de los tribunales para fines de jurisdicción sino logrando la más ordenada organización de nuestros tribunales para fines de funcionamiento. Hemos demostrado preocupación en tal sentido en los casos de *Colón* v. *Tribunal Superior*, 97 D.P.R. 106, 122 (1969) y *Builders Ins. Co.* v. *Tribunal Superior*, 100 D.P.R. 401 (1972), ya que la excesiva laxitud en la autorización para ventilar los casos fuera del lugar que establece la ley podría contener un germen pernicioso que minara la confianza y el respeto de la ciudadanía hacia nuestro sistema de justicia.

La Regla 3 requiere la conjunción de tres voluntades para la ventilación de un caso en una sala que aun teniendo jurisdicción, no es la que señala la ley a los fines de competencia. Es pues necesario que tanto el juez como las partes consientan a ello. La anuencia del juez constituye un nuevo elemento añadido por la Ley de la Judicatura. Dado el resultado a que llegaremos más adelante no es necesario determinar las circunstancias que deben estar presentes para que el juez dé su consentimiento para continuar la tramitación del pleito en su sala.

El convenio de las partes puede ser expreso o tácito, *Rodríguez* v. *Registrador*, 75 D.P.R. 712 (1953), y puede manifestarse por la parte demandada por una conducta afirmativa y

suficiente demostración de su propósito de aceptar dicha Sala o un claro abandono por inacción de su derecho al traslado. *Longoria* v. *Tribunal Superior*, 102 D.P.R. 267 (1974); *O. Parés, Inc.* v. *Galán*, 98 D.P.R. 772, 780 (1970); *Rivera Esbri* v. *Archevald*, 83 D.P.R. 604 (1961); *Rodríguez* v. *Registrador*, supra, pág. 735. Un demandado debe levantar la cuestión mediante oportuna moción de traslado y gestionar activamente la remisión de la causa a la sección o sala que corresponda según sea el caso, si quiere evitar que se le impute su conformidad a la tramitación del caso en la sala donde haya sido radicado. No es suficiente que alegue en su contestación como defensa especial la falta de competencia del tribunal en que fue radicado sino que es necesario que gestione activamente el traslado a la sala que corresponda. *Rivera Esbri* v. *Archevald*, supra, pág. 610. En el pasado hemos protegido a un litigante diligente en su derecho a que el caso se ventile en el tribunal al que compete mediante la expedición de un auto inhibitorio. *Rivera Esbri* v. *Archevald*, supra; *Fernández* v. *Tribunal de Distrito*, 76 D.P.R. 364 (1954).

Con anterioridad a las Reglas de Procedimiento Civil de 1958 no había que determinar qué actuaciones o gestiones de las partes en un tribunal sin competencia constituían su consentimiento para la tramitación del caso ante dicho tribunal. Ello era así porque el Art. 77 del Código de Enjuiciamiento Civil, derogado por las Reglas de Procedimiento Civil de 1958, establecía cuáles actuaciones de las partes constituían una sumisión al tribunal.

En *Cooperativa Cafeteros de P.R.* v. *Colón*, 76 D.P.R. 473, 481 (1954), tuvimos la oportunidad de interpretar el concepto de sumisión bajo la Ley de la Judicatura. Allí dijimos que las partes no convinieron en que el caso se ventilara en el tribunal en que se radicó la acción a pesar de haberse radicado una contestación, dado el caso de que el tribunal no había resuelto aún una solicitud de traslado que había radicado antes el demandado conjuntamente con una moción de pró-

rroga. Esto es, los demandados demostraron tener la intención de que cualquier alegación que ellos presentasen en el tribunal original estaba sujeta a los resultados de su moción de traslado. Añadimos que faltó además la anuencia del juez. No habiéndose cumplido con los requisitos de sumisión por convenio requerido por la Ley de la Judicatura, el traslado se imponía.

En el caso ante nos el único trámite que realizaron las demandadas antes de solicitar el traslado al Tribunal Superior, Sala de Ponce, fue una solicitud de prórroga para contestar la cual fue concedida por el tribunal. Dicha solicitud por sí sola no constituye un convenio o anuencia tácita por parte del demandado para que la causa se ventile ante la Sala de Caguas y no es inconsistente con una solicitud de traslado posterior. Véanse, *Lofts* v. *Empire Bituminous Products, Inc.*, 246 N.Y.S.2d 781 (1964); *State* v. *Carns*, 345 P.2d 735 (1959); *Young* v. *Savage*, 351 P.2d 227 (1960); *United States Fidelity & Guaranty Co.* v. *State of Montana*, 345 P.2d 734 (1959).

El propósito de la solicitud de prórroga para hacer la alegación respondiente a la demanda es el de obtener tiempo para investigar con más detenimiento las alegaciones de la demanda a los fines de estar en condiciones debidas para contestar las mismas, bien sea para aceptar o negar hechos, levantar defensas de hecho o de derecho, reconvencionar, presentar demandas de coparte, demandas de tercero o para alegar lo que fuere menester. El tiempo adicional que persigue el demandado mediante la solicitud de prórroga para contestar cobra especial importancia por la limitación contenida en la Regla 10.8 que considera renunciada todas las defensas y objeciones que no se formularen mediante moción, en los casos aplicables, o de no haber presentado moción, en la contestación. Siendo ello así es claramente aparente que una contestación precipitada puede tener resultados fatales para el demandado. Son objeto de investigación durante el término de pró-

rroga cuestiones tales como el lugar de los hechos, la residencia de las partes, inspección de contratos y documentos, entrevistas con la parte demandada y sus testigos, cuestiones de derecho, y otros factores que pueden ser pertinentes para la determinación de la sala apropiada donde debe ventilarse el caso. Es especialmente importante solicitar prórroga para contestar o en cualquier otra forma alegar contra la demanda evitándose así que se entienda que el demandado ha consentido en que el caso se ventile en la sala o sección donde ha sido radicado el pleito. La solicitud de prórroga puede también evitar la anotación de rebeldía contra el demandado que podría constituir una anuencia implícita del demandado para que el caso se tramite ante la sala donde ha sido radicado. Véanse, *O. Parés, Inc.* v. *Galán*, supra; *Rodríguez* v. *Registrador*, supra.

No ha de tomarse lo aquí resuelto como una promoción de las prórrogas, que en época reciente se solicitaban rutinariamente por los demandados. Por lo general el término original de emplazamiento es suficiente para que el demandado forme criterio respecto a la procedencia del traslado, sin que se recurra a la prórroga salvo en casos excepcionales debidamente justificados. No es cuestión de revivir espectros que dieron mala fama, por lo lenta y estática, a la forma de administrar justicia.

No habiéndose producido el convenio o anuencia tácita del demandado en el caso de autos, falta uno de los elementos necesarios requerido por la Regla 3 de Procedimiento Civil para proseguir la acción en el Tribunal Superior, Sala de Caguas, *por lo que se dejará sin efecto la resolución dictada por el tribunal de instancia y se ordenará el traslado a la Sala de Ponce del Tribunal Superior de Puerto Rico.*

*Se dictará sentencia de conformidad.*

El Juez Presidente, Señor Trías Monge, y los Jueces Asociados Señores Rigau y Dávila concurren en el resultado.