# 95 DTA 192

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE CAROLINA**

JOSEPH MACEDONIO Y OTROS
Demandantes-Recurridos

v.

PETER WU Y OTROS
Demandados-Peticionarios

COMPAÑÍAS ASEGURADORAS DESDE LA A HASTA LA Z
Demandados

Núm. KLCE-95-00053

San Juan, Puerto Rico, a 23 de junio de 1995

Panel integrado por su presidenta, Juez Rivera de Martínez
y los jueces Martínez Torres y Cabán Castro

Cabán Castro, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

El presente recurso surge con motivo de una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina, el 20 de enero de 1995 y notificada a las partes el 27 de enero de 1995. En la misma se declara no ha lugar una segunda moción de desestimación por falta de jurisdicción sobre la persona de los demandados radicada por éstos.

La alegación de falta de jurisdicción estuvo basada en que los peticionarios eran no domiciliados en Puerto Rico y se había incumplido con los requisitos de la Regla 4.5 de las de Procedimiento Civil, vigentes, sobre su emplazamiento por edicto.

Los peticionarios radicaron un recurso de *Certiorari* ante este Tribunal el 7 de marzo de 1995. Alegan que el Tribunal de Instancia no tiene facultad para ordenar el emplazamiento por edictos de personas no domiciliadas en Puerto Rico, sin tener previamente ante sí una demanda jurada o una declaración jurada según se exige en la Regla 4.5 de las de Procedimiento Civil vigentes. Le asiste la razón a los peticionarios. Veamos:

El 13 de agosto de 1993 se radicó en el Tribunal de Primera Instancia, Sala Superior de Carolina una demanda de daños y perjuicios no jurada basada en el Art. 1802 del Código Civil.

Los demandantes alegaron que el 15 de agosto de 1992, mientras Frances Macedonio conducía un *"jet ski"* en aguas de la Playa de Isla Verde, fue impactado por otro *"jet ski"* que discurría por las mismas aguas conducido por uno de los aquí peticionarios, Paul Wu. Como resultado del impacto, el señor Frances Macedonio sufrió graves lesiones corporales que le causaron la muerte.

Los demandados eran personas no residentes en Puerto Rico que estaban aquí en plan de vacaciones.

Los demandados, aquí peticionarios, presentaron dos mociones de desestimación donde alegaron falta de jurisdicción sobre su persona, ya que al no ser ellos domiciliados residentes en Puerto Rico el Tribunal no tenía facultad para ordenar sus emplazamientos por edictos en ausencia de una demanda jurada o declaración jurada, donde se hiciera constar que los demandados no eran domiciliados en Puerto Rico; que fueron partícipes en alguna de las actividades enumeradas en la Regla 4.7 de las de Procedimiento Civil vigentes y que contra ellos existiera una reclamación que justificara la concesión de algún remedio a favor de los demandantes.

Es un hecho que los demandados no tienen su domicilio en Puerto Rico. La Regla General es que los tribunales no tienen autoridad sobre los litigantes cuando éstos están ausentes de Puerto Rico y no domiciliados aquí. Sin embargo, los tribunales pueden ejercer jurisdicción sobre personas que no estén en su territorio cuando éstas tienen contactos mínimos sustanciales y han sido notificadas de la instancia del pleito en la forma requerida por la ley.

Véase: *Pou v. American Motors*, **91 JTS 10,** ___ DPR ___ (1991).

Contactos mínimos ha sido definido como aquella actividad que realiza una persona, ya sea jurídica o natural, que sea indicativa de su intención de aprovecharse de las leyes de Puerto Rico. La Regla 4.7 de Procedimiento Civil, *supra*, establece cinco casos de contactos mínimos, la misma dispone lo siguiente:

*"**Emplazamiento a un no domiciliado***

*a. Cuando la persona a ser emplazada no tuviere su domicilio en P.R., el Tribunal General de Justicia de P.R. tendrá jurisdicción personal sobre dicha persona, como si se tratare de un domiciliado del Estado Libre Asociado de P.R., si el pleito o reclamación surgiere como resultado de dicha persona:*

*1. Haber efectuado por sí o por su agente, transacciones de negocio dentro de Puerto Rico; o*

*2. Haber participado, por sí o por su agente, en actos torticeros dentro de P.R.; o*

*3. Haberse envuelto en un accidente mientras, por sí o por su agente, **manejare un vehículo de motor en P.R.***; *o*

*4. Haberse envuelto en un accidente en P.R. en la operación, por sí o por su agente, de un negocio de transportación de pasajeros o carga en Puerto Rico o entre P.R. y E.U. o entre P.R. y un país extranjero o el accidente ocurriere fuera de P.R. en la operación de dicho negocio cuando el contrato se hubiere otorgado en P.R.; o*

*5. Ser dueño o usar o poseer, por sí o por su agente, bienes inmuebles sitos en P.R.*

*b. En tales casos el emplazamiento se hará de acuerdo a lo dispuesto en la Regla 4.5."* (Subrayado nuestro)

Esta regla conocida como la regla de largo alcance no es de aplicación cuando la actividad realizada no está relacionada con la causa de acción. Tiene que existir relación entre los contactos mínimos y el pleito o reclamación específica.

Como vemos la Regla 4.7, *supra*, inciso (a)(3) dispone que haberse envuelto en un accidente mientras, por sí o por su agente, manejare un vehículo de motor en Puerto Rico es contacto mínimo sustancial con nuestra jurisdicción. En la demanda se alega que el demandado, aquí peticionario, Paul Wu, manejaba el 15 de agosto de 1992 un *"jet ski"*, en el área de Isla Verde. Un *"jet ski"* es un vehículo de motor y el peticionario alegadamente estuvo envuelto en un accidente mientras lo manejaba en Puerto Rico, por lo que podría tener contactos mínimos sustanciales con nuestra jurisdicción. Véase: D. Nevárez Muñoz, Análisis Editorial, *Código Penal de P.R. Revisado y Comentado*, P.R., Colegio de Abogados, 1986, pág 149.

Las personas no domiciliadas en Puerto Rico que tienen contactos mínimos sustanciales con nuestra jurisdicción se tratarán como un domiciliado del Estado Libre Asociado de Puerto Rico, y el emplazamiento se hará de acuerdo a lo dispuesto en la Regla 4.5, *supra*.

Una vez se han alegado hechos suficientes de los cuales razonablemente se pueda inferir que se trata de un no domiciliado y que ha realizado una de las actividades especificadas en la Regla 4.7 de Procedimiento Civil, *supra*, se pasa al tercer y último paso para que el Tribunal adquiera jurisdicción sobre la persona. El último paso es el emplazamiento; éste es requisito

fundamental del debido proceso de ley. *Reyes Martínez v. Oriental Federal,* ___ DPR ___ (1993), **93 JTS 50.**

La Regla 4.5 de las de Procedimiento Civil, *supra,* es la disposición estatutaria que regula los emplazamientos por edictos y su publicación, la misma dispone en lo pertinente:

*"Cuando la persona a ser emplazada estuviere fuera de Puerto Rico, o estando en Puerto Rico, no pudiere ser localizada después de realizadas las diligencias pertinentes, o se ocultare para no ser emplazada, o si fuere una corporación extranjera sin agente residente, y así se comprobare a satisfacción del tribunal mediante declaración jurada, con expresión de dichas diligencias, y apareciere también de dicha declaración, o de la demanda jurada presentada, que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden disponiendo que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la orden disponiendo que el emplazamiento se haga por edicto.*

.........

*El contenido del edicto deberá constar de la siguiente información:*

*(1) Título -Emplazamiento por Edicto*

*(2) Sección y sala del Tribunal de Primera Instancia*

*(3) Número del caso*

*(4) Nombre del demandante*

*(5) Nombre del demandado a Emplazarse*

*(6) Naturaleza del pleito*

*(7) Nombre, dirección y teléfono del abogado del demandante*

*(8) Nombre de la persona que expidió el edicto*

*(9) Fecha de expedición*

*(10) Término dentro del cual la persona así emplazada deberá contestar la demanda según se dispone en la Regla 10.1, y advertencia a los efectos de que si no contesta la demanda radicando el original de la contestación ante el tribunal correspondiente, con copia a la parte demandante, se le anotará la rebeldía y se le dictará sentencia concediendo el remedio solicitado sin más citarle ni oírle.*

*Si la demanda fuere enmendada en cualquier fecha anterior a la de la comparecencia del demandado que hubiere sido emplazado por edictos, dicha demanda enmendada deberá serle notificada en la forma dispuesta por la regla de emplazamiento aplicable al caso.*

*En el caso de demandados ausentes en Puerto Rico, el demandante podrá sustituir la notificación por edicto con la entrega personal al demandado, de copia de la demanda y del emplazamiento. El diligenciamiento de dicho emplazamiento se hará a tenor de lo dispuesto en la Regla 4.3."* (Subrayado nuestro)

Uno de los requisitos expuestos en esta regla es que la persona a ser emplazada esté fuera de Puerto Rico. Este hecho tiene que comprobarse a satisfacción del tribunal mediante declaración jurada donde se expongan las diligencias realizadas. En el normativo caso *Mundo v. Fuster,* 87 DPR 363 (1963), se resolvió que la declaración jurada debe demostrar que se ha sido diligente al tratar de localizar a los demandados para emplazarlos, y tiene que contener hechos específicos que prueben esas diligencias y no meras generalidades. Algunas de las gestiones son inquirir de las autoridades de la comunidad, tales como la policía, el alcalde, el administrador del correo y otros sobre el paradero de las personas a ser emplazadas. Si la declaración jurada no es suficiente para justificar el emplazamiento por edictos, el tribunal no adquiere jurisdicción sobre la persona. Véase: *Reyes Martínez v. Oriental Federal Savings, supra; Pagán v. Rivera Burgos,* 113 DPR 750 (1983); *Lanzó v. Banco Vivienda, supra; Mundo v. Fuster, supra.*

El 26 de octubre de 1993, el Sr. José Peña Olmeda, emplazador de los demandantes, hizo una declaración jurada en la que exponía las diligencias que había realizado para localizar a los demandados. El 2 de noviembre de 1993, el Tribunal de Instancia dictó una orden en la que se indicaba que esta declaración jurada no era suficiente para expedir los emplazamientos por edictos solicitados. Esta declaración jurada contenía meras generalidades de las diligencias realizadas, y no era específica en cuanto a las personas con las cuales se había entrevistado el emplazador.

Posteriormente, el 5 de enero de 1994 los demandantes radicaron una segunda declaración jurada del Sr. José Peña. En esta declaración jurada se exponen las diligencias realizadas por el emplazador. Entre las gestiones reseñadas se encuentran las siguientes:

*"1. Entrevistarse con el Sr. Rick Newman, Vicepresidente de Operaciones del Hotel Sands and Casino.*

*2. Entrevista con el agente de la policía, Ortiz, placa Núm. 014106 del Cuartel de la Policía de Lloréns Torres.*

*3. Entrevista con el Sr. José Joel Pérez, Vice-Alcalde, en las oficinas de la Casa Alcaldía en San Juan.*

*4. Entrevista con el Sr. Fuentes de la oficina postal del Correo de los E.U.*

*5. Se buscó en la guía telefónica.*

*6. Entrevista con el Sr. D. Santos en las oficinas postales del Correo de E.U. en la Calle Loíza, Santurce.*

*7. Visita al Departamento de Estado y revisión del tarjetero de nombre y direcciones de las corporaciones autorizadas a hacer negocios en P.R."*

Estas gestiones constituyen hechos específicos y no meras generalidades como ha requerido el Tribunal Supremo, para corroborar que la persona no ha podido ser localizada, pero esta declaración sigue siendo insuficiente para que se expidan emplazamientos por edictos.

En esta segunda declaración jurada presentada por los demandantes, al igual que en la primera, no se hizo constar de forma fehaciente que los demandados no tienen su domicilio en Puerto Rico, lo único que demostró al tribunal es que los demandados no habían podido ser localizados.

Los requisitos de ley sobre emplazamiento son del más estricto cumplimiento. *Lanzó Llanos v. Banco de la Vivienda,* ___ DPR ___ (1993), **93 JTS 86**; *Chase Manhattan Bank v. Polanco Martínez,* ___ DPR ___ (1992), **92 JTS 119;** *Rodríguez v. Nasrallah,* 118 DRP 93 (1986); *Mundo v. Fuster, supra.*

Como ha indicado nuestro Tribunal Supremo en el caso de *Lanzó Llanos, supra,* el emplazamiento personal es el más apropiado e ideal, pero hay ciertas ocasiones en que es imposible notificar personalmente. Estas razones están especificadas en la Regla 4.5 de Procedimiento Civil, *supra.*

Como expusimos anteriormente, en la declaración jurada requerida por la Regla 4.5 para acreditar al tribunal que le es permisible asumir jurisdicción sobre una persona que no tiene domicilio en Puerto Rico, se tiene que acreditar mediante juramento:

*"1. que los demandados no tienen su domicilio en Puerto Rico;*

*2. que dicha persona ha sido partícipe en alguna de las actividades enumeradas en la regla 4.7 de Procedimiento Civil; y*

*3. que contra dicha persona existe una reclamación que justifica la concesión de algún remedio a favor de los demandantes."*

De la declaración jurada subscrita por el emplazador no se puede determinar, por no expresarlo así, que los demandados no tienen su domicilio en Puerto Rico, y tampoco se acredita que ellos hayan participado en alguna de las actividades enumeradas en la Regla 4.7, *supra.*

Además de todo lo anterior, la declaración jurada o la demanda jurada debe indicar que los demandantes tienen una buena causa de acción contra los demandados o que son parte apropiada en el pleito. En la declaración jurada presentada no se exponen hechos que indiquen con claridad que los demandantes tienen una buena causa de acción contra los demandados que justifique la concesión de un remedio al demandante. Más aún este es un hecho que solamente puede jurar la parte que es quien alega tener la causa de acción. *"Parte"* ha sido definida jurisprudencialmente como un demandante o demandado, y no se incluye en la misma a los oficiales, sirvientes, agentes o empleados de las partes█ El emplazador no es parte, por lo que no podía jurar estas alegaciones.

Los demandantes trataron de subsanar estos defectos de la declaración radicando una demanda enmendada el 18 de febrero de 1994. La misma no fue juramentada por lo que tampoco cumple con los requisitos de la Regla 4.5, *supra.*

Este hecho nos lleva a otro error cometido por los demandantes. Según la Regla 4.5 si en algún momento, antes de comparecer un demandado que sea emplazado por edicto, la demanda fuera enmendada, ésta deberá ser notificada cumpliéndose nuevamente con los requisitos establecidos en la Regla 4.5, *supra.* La demanda aquí fue enmendada y todavía los demandados no habían comparecido, y éstos no fueron emplazados nuevamente.

Para que una sentencia pueda ser válida y ejecutable el Tribunal tiene que tener autoridad sobre la persona, jurisdicción *in personam,* desde que comienza el caso. Cuando se radica una demanda se expiden los emplazamientos. La parte demandante es responsable de proceder a diligenciar los mismos. Si el emplazamiento no es diligenciado o no está bien diligenciado, el Tribunal no adquiere jurisdicción sobre la persona del demandado█

Los tribunales no pueden dictar una sentencia contra una persona que no esté sujeta a su jurisdicción. Se trata aquí de la garantía constitucional de que nadie puede ser privado de su vida o propiedad sin el debido proceso de ley. Esta garantía constitucional se protege adquiriendo jurisdicción sobre la persona y esto se lleva a cabo notificándole que hay un pleito en su contra.

Surge del auto presentado, así como del escrito titulado *"Escrito Mostrando Causa"* sometido por la demandante, que la co-demandada Sterling Insurance Company radicó moción de prórroga para contestar la demanda con fecha del 17 de marzo de 1994, en la que solicitaba treinta (30) días para someter su alegación responsiva. Aduce la parte demandante que esta acción de la referida co-demandada constituye una sumisión voluntaria de ésta a la jurisdicción del Tribunal. No tiene razón la demandante, ya que una prórroga para contestar una demanda no constituye una sumisión del demandado a la jurisdicción del tribunal.█

Se hace necesario llamar la atención al hecho de que a pesar de mencionar a la co-demandada Sterling Insurance Company en el epígrafe, no hay alegación alguna contra ésta en el cuerpo de la demanda.

En conclusión, el Tribunal de Instancia no adquirió jurisdicción sobre la persona de los demandados, ya que no se les notificó que había un pleito en su contra de la forma que se exige por ley. Los requisitos de ley sobre emplazamiento son del más estricto cumplimiento y en este caso no fueron cumplidos, por lo cual el emplazamiento es uno nulo.

Por todo lo antes expuesto se expide el auto y se deja sin efecto la resolución recurrida.

La parte demandante tendrá el término de noventa (90) días para gestionar el emplazamiento de los demandados de acuerdo con lo aquí resuelto; de lo contrario, se desestimará la demanda.

Se devuelve el caso al Tribunal de Primera Instancia para procedimientos compatibles con lo aquí dispuesto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 192

**1.** 32 LPRA Ap III R 4.5 (1983).

**2.** 32 LPRA Ap III R 4.5 (1983).

**3.** *Sharp Paper & Specialty Co. v. Fernández,* 60 DPR 657, 668 (1942).

**4.** R2 LPRA Ap. III R 14 ss. (1983).

**5.** *Aetna v. Tribunal,* 103 DPR 480 (1975).