Feliciano de Bonilla, Juez Ponente
*1248 TEXTO COMPLETO DE LA SENTENCIA
Se nos solicita revisión de una sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 22 de julio de 1996, en el caso civil numero KNM-91-0003. Mediante dicha sentencia el tribunal a quo declaró con lugar la Moción de Sentencia Sumaria Parcial presentada por el apelado, David Chafey Castro, desestimó la Demanda sobre nulidad de divorcio presentada ante aquel foro por la aquí apelante y ordenó el cierre y archivo del caso. Estamos en posición de resolver.
I
El trasfondo fáctico de la controversia que hoy nos ocupa se inició con la demanda presentada ante el Tribunal Superior, Sala de San Juan, por la aquí apelante, Carmen G. Buscaglia, donde solicitó que se declarara nulo el divorcio entre ésta y el apelado, David Chafey, decretado el 7 de noviembre de 1984 por el Tribunal de Primera Instancia, Sala Superior de San Juan. En dicha demanda Carmen G. Buscaglia planteó, en síntesis, que la sentencia de divorcio emitida por el foro de instancia es nula porque al momento de dictarse la misma, la apelante no tenía capacidad para consentir y porque al momento de suscribir la estipulación, requerida para decretar un divorcio por la causal de consentimiento mutuo, no se incluyeron todos los bienes gananciales por razón de hebérselos ocultado, su entonces esposo, David Chafey Castro. Procede confirmar la sentencia apelada.
II
Carmen G. Buscaglia y David Chafey Castro contrajeron nupcias el 30 de diciembre de 1978 y procrearon un niño. En el año 1982 la señora Buscaglia recibió tratamiento sicoterapéutico en una institución siquiátrica localizada en España. Posteriormente, la apelante regresó a Puerto Rico y el 31 de julio de 1984 las partes suscribieron una Petición de Divorcio por Consentimiento Mutuo. En dicha Petición las partes acordaron todo lo relacionado con la custodia, patria potestad y las relaciones filiales. En cuanto a los bienes gananciales adquiridos durante la vigencia del matrimonio, las partes acordaron lo siguiente:

"a) Todos los bienes gananciales al momento de suscribirse la presente petición hana [sic] sido ya divididos a satisfacción de las partes y cada cual tiene ya su participación excepto lo siguiente y acuerdan:

"1. El cuadro de Moya, lo retendrá y será entregado a la peticionaria por el co-peticionario.

2. El co-peticionario se hará responsable del balance adeudado de $19,000.00 aproximadamente al Banco Popular de Puerto Rico y asimismo [sic] retendrá para sí el importe de $19,000.00 adeudado a ellos por concepto de segunda hipoteca sobre el apartamento que adquirieran durante su matrimonio en Miramar Plaza." 
El vínculo matrimonial de los esposos Chafey-Buscaglia fue disuelto el 10 de agosto de 1984. Luego de varios incidentes procesales, el 24 de agosto de 1984 el Tribunal de Primera Instancia dejó sin efecto la Sentencia de Divorcio y notificó a las partes de la celebración de una vista en su fondo en la que se evaluaría la capacidad de la señora Buscaglia. A esta vista, celebrada el 25 de octubre de 1984, compareció la Dra. Elizabeth Noriega de Quintero quien testificó y presentó certificación a los efectos de acreditar la capacidad de la aquí apelante. El 7 de noviembre de 1984, el Honorable Juez de Instancia emitió Resolución restituyendo la Sentencia de Divorcio emitida el 10 de agosto de 1984. 
El 20 de mayo de 1991 la Sra. Carmen G. Buscaglia presentó ante el Tribunal Superior, Sala de San Juan, Demanda de Nulidad de Divorcio y Nulidad de Escritura de Permuta. En dicha demanda la apelante de epígrafe alegó que el divorcio decretado en el caso civil KDI-84-3034 era nulo, porque la demandante no tenía capacidad para consentir al mismo y porque éste se disolvió mediante fraude, al *1249 serle ocultado a la apelante la existencia de bienes que no fueron objeto de la división de gananciales. 
Luego de que la parte demandada presentara varias mociones solicitando prórroga para contestar la demanda, la aquí apelante presentó ante el foro de instancia Moción Solicitando Anotación de Rebeldía contra los demandados por éstos no haber contestado la demanda presentada por aquélla ante dicho foro.
El Tribunal de Primera Instancia no emitió la orden solicitada por la demandante, Carmen G. Buscaglia. No obstante, el 13 de marzo de 1992 el Sr. David Chafey Castro presentó ante dicho foro Moción de Sentencia Sumaria Parcial donde expuso que, en cuanto al elemento de la capacidad de la demandante para consentir al divorcio, no existía controversia de hechos. De esta forma, el aquí apelado solicitó al foro a quo resolviera la controversia relativa a la nulidad de la sentencia de divorcio, mediante el mecanismo procesal de sentencia sumaria parcial. El señor Chafey Castro alegó en su moción que la reclamación de autos constituia un ataque colateral a una sentencia final y firme y que no había controversia de hechos, sino cuestiones de derecho a ser dilucidadas. En síntesis, la Solicitud de Sentencia Sumaria Parcial estuvo basada en que el elemento relativo a la capacidad de la peticionaria, Carmen G. Buscaglia, fue resuelto en sus méritos en la sentencia de-divorcio cuya nulidad se solicita. 
Luego de varios incidentes procesales y de varias solicitudes de prórroga presentadas por el Sr. David Chafey Castro, éste presentó Contestación a la Demanda el 12 de septiembre de 1994. Debido a la cantidad de mociones y solicitudes de orden presentadas por las partes ante el Tribunal de Primera Instancia, dicho foro celebró vista el 3 de noviembre de 1995. En dicha vista el foro a quo declaró No Ha Lugar la Moción Solicitando Sanciones presentada por el apelado; admitió la Contestación a la Demanda suscrita por éste y ordenó a la parte demandante entregar a la parte demandada copia de la contestación a interrogatorio enmendada y someter proyecto de orden a los fines de obtener copia de la Escritura de Poder suscrita por la demandante.
El 13 de mayo de 1996, la apelante de epígrafe presentó ante el foro de instancia Oposición A Solicitud de Sentencia Sumaria Parcial. Allí expuso que el co-demandado, David Chafey Castro, no tenía razón al aseverar que la demandante basó su reclamación de nulidad de Sentencia de divorcio en el fundamento de que no tenía capacidad para consentir. Según expresó la apelante en su escrito de Oposición, ésta adujo en la alegación número 10 de la demanda, dos razones por las cuales el decreto de divorcio es nulo; "porque la demandante no tenía la capacidad para consentir al mismo y porque le fue ocultado a la demandante bienes que no fueron objeto de división." 
A base de lo anterior, la señora Buscaglia expuso ante el foro a quo que "[h]abida cuenta de que el co-demandado —en su moción solicitando sentencia sumaria parcial— no argumentó, alegó ni probó que no existía controversia real sustancial sobre el hecho de la ocultación de los bienes muebles e inmuebles, y sobre el hecho de que tales bienes no fueron objeto de división en la Sentencia de Divorcio y Petición (Estipulación), entonces procede, como cuestión de derecho, que se declare NO HA LUGAR la solicitud de sentencia sumaria parcial". 
El 22 de julio de 1996 el Tribunal de Primera Instancia, Sala Superior de San Juan, emitió Sentencia en el presente caso, resolviendo que no había controversia sobre ningúno de los hechos esenciales y que tanto el asunto de la capacidad para consentir de la demandante, como el de la validez de la división de bienes gananciales, constituían cosa juzgada, por lo que se declaró sin jurisdicción para intervenir. De esta Sentencia, la Sra. Carmen Buscaglia recurre ante nos y plantea la comisión de los siguientes errores:

"1. Erró el Honorable Tribunal de Instancia al determinar que no tiene jurisdicción y ordenar el cierre y archivo del caso; o sea, desestimar la demanda en su totalidad, aduciendo que no había controversia sobre ningúno de los hechos materiales y esenciales y, por consiguiente, las alegaciones y los remedios solicitados en la demanda constituían cosa juzgada por haber sido adjudicadas por el Hon. Angel D. Ramírez Ramíres [sic], Juez Superior, al dictar sentencia de divorcio de la apelante y el apelado David Chafey Castro el 10 de agosto de 1984, en el caso RE-84-3033.

2. Erró el Honorable Tribunal de Instancia al declarar No Ha Lugar la solicitud de la apelante 
*1250
requiriendo la anotación de rebeldía, sanciones y la petición de que se admitan las alegaciones de la demanda, en contra de la parte apelada, por no haber contestado la demanda la parte apelada dentro del término dispuesto en las Reglas de Procedimiento Civil en vigor, o dentro de la prórroga para contestar concedido por el Tribunal a quo.

3. Erró el Honorable Tribunal a quo al negarse a emitir una orden en contra de la parte apelada, o en contra del Notario Otorgante, para que la parte apelante descubriera y obtuviera copia de la Escritura de Poder alegada en la demanda."

III
Procedemos a discutir el primer error señalado. La Regla 36.3 de las de Procedimiento Civil, 32 L.P.R.A., Ap. Ill R. 36.3, dispone que procede dictar sentencia sumaria:

"..si las alegaciones, [deposiciones], contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hubiere, demostraren que no hay controversia real sustancial en cuanto a ningún hecho material y que como cuestión de derecho debe dictarse sentencia sumaria a favor de la parte promovente... Dicha sentencia podrá dictarse a favor o contra cualquier parte en el pleito ".

La parte apelada solicitó al foro de instancia dictara sentencia sumaria a su favor amparado en la Regla 36.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 36.2 que dispone en lo pertinente que:

"Una parte contra la cual se haya formulado una demanda, reconvención o demanda contra coparte, demanda contra tercero, o contra la cual se solicite una sentencia declaratoria, podrá, en cualquier momento, presentar una moción basada o no en declaraciones juradas para que se dicte sentencia sumaria a su favor sobre la totalidad o cualquier parte de su reclamación."

Ha sido resuelto por nuestro más alto foro que "...para derrotar una solicitud de sentencia sumaria, el opositor debe presentar documentos que controviertan los hechos presentados por el promovente." Toledo v. Cartagena, _ D.P.R. _ (1992), 92 J.T.S. 173, a la página 10229.
El Sr. David Chafey Castro, promovente de la Moción de Sentencia Sumaria Parcial, sometió la misma ante el foro de instancia solicitando se resolviera, mediante este mecanismo procesal, la controversia relativa a la capacidad para consentir de la demandante al momento del divorcio.
Entre los documentos sometidos por el apelado, en apoyo a su solicitud, se encuentra la Petición de divorcio suscrita y jurada por la apelante y el apelado, la cual formó parte de la Sentencia de divorcio emitida por el foro a quo, e incluye las estipulaciones relativas al hijo de ambos y a la división de los bienes gananciales. Otro de los documentos que acompañaron la solicitud del demandado-apelado es la certificación que emitiera la Dra. Elizabeth Noriega de Quintero asegurando que la aquí apelante se encontraba "lúcida, coherente, orientada, sin disturbios de pensamiento o percepción". 
Por su parte, la demandante-apelada sólo acompañó con su moción en Oposición a Solicitud de Sentencia Sumaria Parcial, una declaración jurada suscrita por la señora Buscaglia en la que ésta aseguró haber firmado bajo presión un poder en el que autorizaba al demandado a disponer de ciertas propiedades gananciales. "La moción de sentencia sumaria obliga a presentar las pruebas que se utilizarían en el juicio para apoyar una alegación. Su efecto real es adelantar incidentes que podrían ocurrir en el juicio. A través de este mecanismo el Tribunal puede considerar prueba que, de no ser refutada, permite que disponga el pleito a favor de alguna de las partes." Cuadrado v. Santiago,_ D.P.R. _ (1990), 90 J.T.S. 59, a la página 7,702. La apelante de epígrafe no produjo prueba alguna en apoyo a sus alegaciones, por lo que coincidimos con el análisis realizado por el Tribunal de Primera Instancia, a los efectos de que tampoco controvirtió la presentada allí por el apelado.
Aun cuando en la moción de sentencia sumaria del apelado se solicitó al foro a quo dictara sentencia sumaria parcial a su favor en cuanto al aspecto de la capacidad de la apelante, es doctrina establecida que, cuando los Tribunales adjudican una moción de sentencia sumaria, pueden considerar todos los documentos que obran en el expediente independientemente de si forman o no parte de los *1251 documentos que acompañan la moción y/o la oposición. Medina v. Merck, Sharpe & Dhome, _ D.P.R. _ (1994), 94 J.T.S. 52; Cuadrado v. Santiago, supra, a la pág. 7702.
El foro a quo procedió conforme a la norma vigente al concluir que a base de los documentos sometidos con las respectivas mociones, no había controversia de hecho que impidiera que aquel foro dictara sentencia sumaria a favor del apelado.
ÍV
Es importante señalar que la sentencia de divorcio cuya nulidad se solicita fue dictada originalmente por el Tribunal Superior, Sala de San Juan, el 10 de agosto de 1984, y reconfirmada el 7 de noviembre de 1984, luego de celebrarse un nuevo juicio. En vista de ello, el foro a quo se declaró sin jurisdicción para intervenir con la referida sentencia de divorcio, señalando, además, que la aquí apelada no presentó, pudiendo hacerlo, una moción de relevo de sentencia, así como tampoco solicitó la nulidad de la misma dentro del término dispuesto por las Reglas de Procedimiento Civil. 
La Regla 49.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 49.2, establece que el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o resolución por las siguientes razones:

"(1) Error, inadvertencia, sorpresa, o negligencia excusable;

(2) Descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar nuevo juicio de acuerdo con la Regla 48;

(3) Fraude (incluyendo el que hasta ahora se ha denominado intrínseco y también el llamado extrínseco), falsa representación u otra conducta impropia de una parte adversa;

(4) Nulidad de la sentencia;

(5) La sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continuara en vigor; o

(6)Cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

Las disposiciones de esta regla no serán aplicables a las sentencias dictadas en pleitos de divorcio, a menos que la moción se funde en las razones (3) ó (4). La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento." (Enfasis suplido.)
"La Regla 49.2 trata de armonizar el interés de que los casos sean decididos en sus méritos y que se haga justicia frente al interés de que los pleitos tengan fin, concediendo a la parte contra la cual se dicta sentencia la oportunidad para pedir se le releve de sus efectos dentro de un término de seis meses después de notificada en aquellos casos que allí se establecen." Municipio de Coamo v. Tribunal Superior, 99 D.P.R. 932, 937 (1971); Srio. del Trabajo v. Tribunal Superior, 91 D.P.R. 864, 867 (1965).
Es importante indicar que si la sentencia sobre, la cual se solicita el relevo es una de divorcio, sólo pueden señalarse como fundamentos el fraude o la nulidad de aquélla. Sucn. Pacheco v. Eastern, _ D.P.R. _ (1994), 94 J.T.S. 49, a la pág. 11773.
En el caso que nos ocupa, la apelante hizo alegaciones en su demanda a los efectos de que hubo fraude por parte del apelado al alegadamente no incluir bienes gananciales en la división que formó parte de la Petición de Divorcio por Consentimiento Mutuo. En vista de ello, la apelante de epígrafe pudo muy bien haber presentado ante el foro de instancia una moción solicitando el relevo de la sentencia de divorcio, dentro de un término no mayor de seis meses de ésta haber sido dictada. No obstante, la señora Buscaglia se abstuvo de acudir al foro judicial dentro del término establecido por *1252 las reglas procesales, permitiendo que transcurriera un período de tiempo excesivamente largo para presentar su demanda de nulidad de sentencia.
La Regla 49.2 de Procedimiento Civil, 32 L.P.R.A Ap. Ill, R. 49.2 al respecto dispone:
"... Esta regla no limita el poder del tribunal para

(a)...;

(b)...:, y

(c) dejar sin efecto una sentencia por motivo defraude al tribunal."

No obstante, aun cuando se admite el ejercicio de una acción independiente de nulidad, tanto en casos de sentencias nulas como contra sentencias obtenidas mediante fraude, éste no sólo tiene que ser afirmativamente alegado, sino que, además, debe exponerse detalladamente las circunstancias que constituyen el mismo. Figueroa v. Banco de San Juan, 108 D.P.R. 680, 689-690 (1979). La demanda presentada por la apelante de epígrafe ante el foro a quo adolece de este requisito.
y
Toda petición de divorcio por la causal de consentimiento mutuo debe venir acompañada de una estipulación sobre la división de bienes gananciales, sobre los alimentos de los hijos menores y sobre las relaciones filiales. Negrón Rivera y Bonilla, Ex parte, 120 D.P.R. 66, 72 (1987); Figueroa Ferrer v. E.L.A., 107 D.P.R. 250, 276-277 (1978). Además, es un requisito indispensable para decretar un divorcio por consentimiento mutuo el que el tribunal interrogue a las partes sobre la decisión, de modo que esto pueda determinar si medió la coacción, el dolo o irreflexión en el proceso decisional. Figueroa Ferrer v. E.L.A., supra.
Al analizar los hechos del caso que nos ocupa, surge claramente que el foro de instancia, al tener ante sí la Petición de Divorcio de las partes de epígrafe, con las estipulaciones relativas a la división de gananciales y a las relaciones filiales, cumplió con lo requerido por nuestro ordenamiento jurídico. Más aún, ante la posibilidad de haber errado, dejó sin efecto la sentencia de divorcio recién emitida, hasta cerciorarse nuevamente mediante la celebración de una vista, de que la demandante-apelante tenía capacidad para consentir.
Una estipulación suscrita por las partes y aceptada por el tribunal constituye un contrato de transacción que obliga. Art. 1709 del Código Civil, 31 L.P.R.A. see. 4821; Negrón Rivera y Bonilla, Ex parte, supra, a la pág. 74.
"Como norma general el juez aceptará los convenios y las estipulaciones a la cuales las partes lleguen para finalizar un pleito y este acuerdo tendrá efecto de cosa juzgada entre las partes." Magee v. Alberro, _ D.P.R. _ (1990), 90 JTS 61, a la pág. 7717; Negrón Rivera y Bonilla. Ex parte, supra, a la pág. 76; Canin v. Bellaflores, 78 D.P.R. 778 (1955). La doctrina de cosa juzgada impide a cualquier parte volver a litigar las cuestiones que planteó o pudo haber planteado y no lo hizo. Figueroa v. Banco de San Juan, 108 D.P.R. 687 (1979); Mercado v. Mercado, 100 D.P.R. 940 (1972). Sobre los requisitos de esta doctrina el Artículo 1204 del Código Civil de Puerto Rico, 31 L.P.R.A. see. 3343, dispone en lo pertinente:

"Para que la presunción de cosa juzgada surta efecto en otro juicio, es necesario que entre el caso resuelto por la sentencia y aquél en que ésta sea invocada, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad en que lo fueron."

Otro requisito que debe estar presente para que sea de aplicación la doctrina de cosa juzgada es que la sentencia dictada en el primer pleito debe haber sido emitida por un tribunal con jurisdicción. Vázquez v. ARPE, _ D. P.R. _ (1991), 91 J.T.S. 53, a la pág. 8661.
En la causa de acción presentada por la apelante de epígrafe concurren todos estos requisitos. En consideración a ello, resolvemos que no procede relitigar lo que fue adjudicado por un tribunal con *1253 jurisdicción sobre la persona y sobre la materia.
vi
En adición a lo antes expuesto, la apelante señala como errores incurridos por el Tribunal de Primera Instancia el que éste declarara no ha lugar la solicitud de la apelante requiriendo la anotación de rebeldía contra el apelado por éste no haber contestado la demanda dentro del término establecido por las Reglas de Procedimiento Civil, y el que el tribunal a quo se abstuviera de emitir una orden contra el demandado-apelado para que la señora Buscaglia obtuviera copia de la Escritura de Poder otorgada por ésta y en la cual funda varias alegaciones de su demanda. La Regla 10.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R.10.1, dispone en lo pertinente:

"Un demandado deberá notificar su contestación dentro de veinte (20) días de habérsele entregado copia del emplazamiento y la demanda."

Aun cuando el aquí apelado no contestó la demanda dentro del término de veinte días, éste compareció solicitando al Tribunal de Primera Instancia varias prórrogas que, ajuicio de dicho foro y en consideración a todos los incidentes procesales surgidos en el caso, procedía su concesión. 
La Regla 6.7 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 6.7 establece lo siguiente:

"Las prórrogas se concederán únicamente en circunstancias meritorias que superen el rigor crítico del juez orientado siempre hacia el cumplimiento de los términos; elemento vital de la pronta y justa decisión de los casos."

El Tribunal Supremo ha expresado que:
"El propósito de la solicitud de prórroga para hacer la alegación respondiente a la demanda es el de obtener tiempo para investigar con más detenimiento las alegaciones ele la demanda a los fines de estar en condiciones debidas para contestar las mismas, bien sea para aceptar o negar hechos, levantar defensas de hecho o de derecho, reconvencionar, presentar demandas de coparte, demandas de tercero o para alegar lo que fuera menester. El tiempo adicional que persigue el demandado mediante la solicitud de prórroga para contestar cobra especial importancia por la limitación contenida en la Regla 10.8 que considera renunciada todas las defensas y objeciones que no se formularen mediante moción, en los casos aplicables, o de no haber presentado moción, en la contestación. Siendo ello así es claramente apárente que una contestación precipitada puede tener resultados fatales para el demandado.... La solicitud de prórroga puede también evitar la anotación de rebeldía contra el demandado....". Aetna Ins. Co. v. Tribunal Superior, 103 D.P.R. 480, 485-486 (1975).
Precisamente, éste fue el efecto de las solicitudes de prórroga para contestar la demanda, presentadas por el señor David Chafey Castro ante el foro de instancia. Resolvemos no intervenir con la determinación de dicho foro de admitir la contestación a la demanda presentada por el aquí apelado y de declarar No Ha Lugar la Solicitud de Anotación de Rebeldía instada por la señora Buscaglia. 
VII
Como tercer señalamiento de error, la apelante arguye que erró el Tribunal de Primera Instancia al abstenerse de emitir una orden para que ésta obtuviera copia de una Escritura de Poder suscrita por ella y en la cual funda varias alegaciones de su demanda.
El Art. 43 de la Ley Notarial, 4 L.P.R.A. sección 2065, dispone sobre las personas con derecho a obtener copia de escrituras públicas, lo siguiente:
"Además de los otorgantes, sus representantes y causahabientes, tienen derecho a obtener copias, en cualquier tiempo, todas las personas a cuyo favor resulte de la escritura algún derecho, ya sea directamente, ya por acto distinto de ella y quienes acrediten a juicio del notario o Archivero Notarial concernido tener interés legítimo en el documento, salvo de testamentos antes de la muerte del *1254 testador." (Enfasis suplido.)
Entendemos que si bien a la apelante le asistía el derecho a obtener copia de la referida Escritura de Poder, le correspondía a ésta solicitarla al notario otorgante. La señora Buscaglia no hizo alegación alguna a los efectos de que hubiese solicitado al notario autorizante de dicha escritura, copia de la misma y de que éste se hubiese negado a a expedirla. De haber sido así la Ley Notarial establece el siguiente procedimiento:

"Denegada la expedición de la copia por el notario se podrá acudir formalmente o informalmente ante el Director de la Oficina de Inspección de Notarías, quien oyendo al propio notario y al querellante dictará lo que proceda..."

"...Contra la negativa del notario confirmada por el Director de la Oficina de Inspección de Notarías se podrá recurrir ante la sala competente del Tribunal Superior. Dicha sala, luego de examinar los argumentos de la persona solicitante y la resolución del Director de la Oficina de Inspección de Notarías, con o sin vista, podrá ordenar la expedición de la copia o confirmar la denegación. Tal resolución será revisable mediante certiorari ante el Tribunal Supremo." 4 L.P.R.A. see. 2066. (Enfasis suplido.)
Dado que la apelante no alegó haber cumplido con el procedimiento establecido en la Ley Notarial para obtener copia de la referida Escritura de Poder, resolvemos que no se cometió el tercer error señalado.
VIII
Con estos antecedentes, resolvemos que actuó correctamente el foro de instancia al declarar CON LUGAR la sentencia sumaria presentada ante aquel foro por el aquí apelado y al concluir que la sentencia de divorcio cuya nulidad se solicitó constituye cosa juzgada.
Por los fundamentos expuestos, se confirma la sentencia apelada que emitiera el Tribunal de Primera Instancia, Sala Superior de San Juan.
Lo pronunció el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 97DTA91
1. Página 2 de la Petición de Divorcio suscrita por las partes. Páginas 1-9 del Apéndice de la Apelación.
2. Copia de la certificación suscrita por la Dra. Noriega de Quintero consta en el Apéndice A, página 8 de la Apelación presentada ante este Tribunal por la señora Buscaglia.
3. Ver Apéndice A, página 9 del Recurso Apelativo.
4. Ver alegaciones 3, 10,11 y 13 de la Demanda. (Apéndice B de la Apelación, páginas 10-14)
5. Ver Moción de Sentencia Sumaria Parcial. (Apéndice P, páginas 25-32).
La prueba documental presentada por el Sr. David Chafey Castro consistió básicamente en la certificación médica que emitiera la Dra. Elizabeth Nodega de Quintero, relativa a la capacidad de la señora Buscaglia.
6. Id., a la página 5 de la Moción de Sentencia Sumaria. (Apéndice F, pág. 29).
7. Así consta en la página 4 de la Oposición a Solicitud de Sentencia Sumaria Parcial presentada por la apelante de epígrafe ante el Tribunal Superior. (Apéndice R, pág. 70).
8. Así consta en la página 7 de la Oposición a Solicitud de Sentencia Sumaria Parcial presentada por la Sra. Carmen Buscaglia ante el foro de instancia. (Apéndice R, página 73).
*1255 9. Ver Apéndice A, página 8 del Recurso.
10. Copia de esta declaración jurada consta en el Apéndice R, pág. 75 del Recurso.
11. Así lo expresó el foro de instancia en su Sentencia de 22 de julio de 1996. (Apéndice T, págs. 83-92).
12. La demanda de la señora Buscaglia fue presentada el 20 de mayo de 1991. (Apéndice B, pág. 10) El 26 de julio de 1991 los co-demandados notificaron un primer interrogatorio, producción de documentos y requerimiento de admisiones a la demandante, con el objetivo de poder contestar la demanda. La demandante contestó defectuosamente el interrogatorio por lo que el tribunal a quo le requirió contestara el mismo de forma responsiva.
13. Apéndice Q, pág. 64 del Recurso.